## SHELTON, ET AL. v. DOE, EX DEM. ESLAVA.

1. A tenant, when sued for the possession of demised premises, by the landlord, is precluded, as well during its continuance, as after its termination, from calling in question the title of his landlord, or setting up an outstanding title in a stranger.

2. The only effect of a disclaimer of the title of the landlord, by the tenant, is, to bar the entry of the landlord, if after knowledge of such disclaimer he permits the tenant to remain in possession until the statute of limitations forbids an entry.

ERROR to the Circuit Court of Mobile.

Ejectment by the defendant against the plaintiff in error.— Upon the trial, the plaintiff below offered in evidence, that the land sued for was parcel of a tract of land known as the De Lusser claim ; that the father of the lessors of the plaintiff, in 1820, or 1824, caused it to be surveyed into lots, and that it was divided between the heirs of De Lusser, and the father of the lessors of the plaintiff. It was further in evidence, that the land in the declaration mentioned, was allotted to one of the lessors of the plaintiff, and was claimed in fee.

The plaintiff also offered in evidence a deed, executed the 1st February, 1828, by which the premises sued for was leased by him to the defendant, for the term of six years, at the yearly rent of one hundred dollars. " And also, that said party of the second part, his heirs and assigns, shall and will, at his

Shelton, et al. v. Eslava.

and their own proper costs and charges, surround and enclose the said lots with good and substantial fences, and cultivate and improve the same, and pay and perform all taxes, &c. That he the said party of the second part, and his heirs, shall not assign or transfer, or let over the said lots, or any of them, or any part thereof, to any person or persons, without the consent of the said party of the first part, in writing first had and obtained therefor—that the said party of the second part, his heirs, &c., shall and will peaceably and quietly yield, surrender, and give up to the said party of the first part, his heirs, &c., the premises aforesaid, at the end of the said six years, or sooner, determination of said lease, together with all and singular the improvements thereon, or, which may be made thereon: Provided always, and the said party of the second part, is hereby authorized and empowered, at any time within three years from the date hereof, at his own proper costs and charges, to erect and build a good dwelling-house, on one of the said lots; and the said party of the first part, hereby agrees at the expiration or sooner determination of the said term, to pay to the said party of the second part, for the improvement of such good dwelling house, if erected and standing on the premises, its fair value, to be appraised by three disinterested persons, one to be appointed by each one of the said parties, and the third to act as umpire between the other two, to be appointed by them." The remaining covenant is, that if the party of the second part violated any of the covenants entered into by him, the party of the first part might enter and expel him from the premises.

The plaintiff also offered evidence to prove, and the defendant admitted that he claimed to hold the premises adversely, but the plaintiff failed to prove by positive testimony, that the defendant had claimed to hold adversely during the term of said lease. The plaintiff offered no evidence of legal title.

The defendant offered in evidence, and relied on a patent from the United States, embracing the premises in question, to one Joshua Kennedy, usually called the "*Price Grant.*"

The defendant's counsel then moved for the following charges: 1. That although it was a well established rule of law

that a tenant cannot call in question the title of his landlord, that such restriction only continues during the term of the demise. and that if during the term the tenant neither disclaims or breaks any of the covenants, after its expiration, he has a right to show that the landlord, at such time, has no right to the premises by the legal title.

2. That from the terms in which the lease, in this case, is expressed, the agreement to pay for the improvements thereon, became a condition precedent, and that the plaintiff could not recover possession of the premises until he had paid the defendant for such improvements as had been proved to have been made in conformity with the terms of the lease.

Whereupon, the court charged, that a tenant, when sued for the possession of demised premises, was precluded, as well at any time after the lease had expired, as during its existence, from calling in question the title of his landlord, or improving an outstanding title from a stranger: and also, that the agreement to pay for improvements is an independant covenant, on which the defendant may seek his remedy at law, but does not prevent his recovering possession of the premises, although he may be liable to the defendant for the value of such improvements.

To all which the defendant excepted, and which he now assigns for error.

GIBBONS, for plaintiff in error.

CAMPBELL, *contra.*—It was not necessary that the plaintiff should have shewn that the disclaimer of the defendant was, during the continuance of the term, to give him the benefit of the rule, that the tenant cannot dispute the title of his landlord. [5 Wend. 246; 1 Cowen, 575; 3 Peters, 44; 5 id. 485; 30 Eng. C. L. 67; 4 M. & S. 347; 2 A. & E. 17.]

As to the covenant to pay for improvements, there was no proof that any were made; but in addition, if any such were made, they were forfeited by a disclaimer. Upon this point, the lease itself is express, as well as the general law. [3 Peters, 44; 4 Wend. 633.]

Shelton, et al. v. Eslava.

But the agreement to pay for improvements is not in the na
ture of a condition, but forms an independant covenant.   The
lease is for six years—the rent is nominal—the covenants to
improve pay taxes, and yield possession, are all secured to the
lessor, by a general and controlling clause, allowing a re-entry,
and providing for the expulsion of the tenant.   [8 Cowen, 266,
295 ; 14 Wend. 219 ; 4 H. & J. 285 ; 6 Leigh, 154; 6 Cow-
en, 302.]

ORMOND, J.—The charge moved for, assumes, that if the
tenant does not disclaim the title of the landlord, during the
tenantcy, he is not precluded from setting up an outstanding
title after its expiration.

   The rule, that the tenant cannot dispute the title of his land-
lord, continues as well after the tenantcy is at an end, as during
its continuance.   He cannot change the character of the ten-
antcy, by his own acts, so as to enable him to hold against his
landlord, who reposes under the security of the tenantcy, unless
after disclaimer of the title of the landlord, he, with knowledge
thereof, permits the tenant to remain in possession such a length
of time that the statute of limitations bars an entry.   [Tillotson
v. Kennedy. 5 Ala. and cases cited on the brief of defendant in
error.]   There is no foundation whatever for the supposition,
that if the tenant does not dispute the landlord's title during the
continuance of the lease, he may set up an outstanding title in
a stranger, after its termination.   If such were the law, a de-
mise would be a most hazardous thing, as it would be in the
power of the tenant, at the termination of the lease, by setting
up an outstanding paramount title in a stranger, to deprive the
landlord of the benefit of his possession.   Whatever, however,
might be the injurious consequences to the landlord, from the
admission of such a principle, it is perfectly clear no such rule
of law exists.

   We do not consider it necessary to enter upon the enquiry,
whether the construction, put by the court, on the covenant,
that the landlord was to pay for the erection of the house, which
the tenant was at liberty to build, was correct or not, as it does

30

not appear from the record that the house was built. The charge, therefore, so far as we can judge from the record, was purely abstract; and whether right or wrong, could not prejudice the plaintiff in error.

Let the judgment be affirmed.