## COLLINS vs. JOHNSON.

[ACTION OF EJECTMENT.]

1. *Decedent, lands of, sold in* 1842; *when order of sale can not be collaterally attacked.*—The sale of the lands of a person dying intestate in this State, made under order of the orphans' court, granted for that purpose in 1842, can not be collaterally impeached for mere irregularities which could be corrected on appeal or writ of error and reversal, if the proceedings show a petition by the administrator, the service of notice on the persons interested, an order for the sale, a sale under it, a full payment of the price by the purchaser, and a conveyance ordered by the court to be made to such purchaser.

2. *Same.*—After the lapse of twenty years, such a sale cannot be set aside as void, on account of irregularities, however great they may be.

3. *Same.*—Such a sale can only be avoided by a direct proceeding in error, upon writ of error or appeal; and this can not be done after the lapse of twenty years from the confirmation of such sale, or the order of the court directing the conveyance to be made to the purchaser.

APPEAL from Circuit Court of Barbour.

Tried before Hon. J. McCALEB WILEY.

THE points decided are sufficiently stated in the opinion.

WATTS & TROY, for appellant.

RICE, SEMPLE & GOLDTHWAITE, *contra.*

[The briefs did not not come into Reporter's hands.]

PETERS, J.—This is an action of ejectment, commenced by Collins against Johnson, on the 5th day of October, 1867, in the circuit Court of Barbour county, in this State. The defense was interposed under "a plea of not guilty."

. The facts necessary to be noticed in this opinion are these : On the 28th day of December, 1840, the administrators of the estate of Stephen Johnson, deceased, filed their petition in the orphans' court of Barbour county, for an order of sale of certain lands, named in said petition, belonging to the estate of said deceased, for division amongst the heirs of said deceased. 'This order was granted by said court on the fourth Monday of March, 1841, and commissioners were then appointed to sell said lands, as required by law. The lands were sold under this order, and purchased by appellant, Collins, who is the plaintiff below. The sale was made on the 26th day of February, 1842, and the purchase-money paid, as recited in the deed.

The proceedings in the orphans' court, up to the sale, seem to have been regular. The petition was for an order for sale for division amongst the heirs of the deceased, because said lands could not be equally and equitably divided amongst said heirs, without such sale. ;All the parties in interest were properly brought into court. The sale first made under this order was not approved by the court, when the commissioners first appointed refused to act further in the matter, and others were appointed. These latter sold the lands and reported their sale to the said orphans' court, and on the 28th day of February, 1842, said sale was confirmed by an order of said court, by directing said commissioners to " convey the estate so sold to the respective purchasers." No deed seems to have been made under this order by said commissioners until the 4th day of June, 1849, when a deed was made and signed by two of the commissioners. These facts appeared from the record of the proceedings in the orphans' court, and the deed executed by the commissioners, as above said. After the introduction of this testimony by the plaintiff below, he proved by parol that the lands sued for were the same purchased by him at said sale, and that he had paid the whole purchase-money therefor, as shown in said deed. There was much other testimony in the cause on the trial, which it is not necessary to notice in this opinion.

After the testimony on both sides was closed, the defend-

ant below moved the court to exclude " the deed intro-
duced by the plaintiff, and all the documentary evidence
from the county court, for the reason that the sale made
by the commissioners was void; and for the further reason
that the commissioners made a sale of the lands which was
not confirmed, and that the court appointed other commis-
sioners to make sale; which appointment defendant says
was void." There were other reasons also given for the
invalidity of said sale, which grew out of the irregular man-
ner in which it had been conducted. The court sustained
the motion to exclude, and the plaintiff below excepted,
and now brings the case to this court, and among others,
this ruling of the court below for error.

The learned judge who presided on the trial in the court
below, erred in excluding the deed and the record of the
proceedings in the orphan's court, for the reasons assigned
in the bill of exceptions; that is, because the deed was void,
and because the sale was void. The sale was not void, nor
was the deed void, however irregular they may have been,
if enough appeared from the record to show that the juris-
diction of the court had attached, and that the land or-
dered to be sold was that which was sold; that the plaintiff
below was the purchaser, that the price had been paid,
and that a deed had been ordered by the court to be made
to the purchaser. All this appears to have been done,
though in a way somewhat irregular. But such irregulari-
ties cannot be objected to in this proceeding. They can
only be reached by a direct proceeding, on writ of error
or appeal from the final decree on the application for the
sale, and its confirmation, in the orphan's court. And too
great a length of time since the sale and its confirmation
has now intervened, to permit any inquiry into the regu-
larity of these orders. Above twenty years having inter-
vened since the sale and making of the deed, they can not
be now attacked and set aside for mere irregularities.
*Cox v. Davis,* 17 Ala. 714; *Doe, d. Saltonstall and Wife v.*
*Riley & Dawson,* 28 Ala. 164; *Fields' Heirs v. Goldsby,*
28 Ala. 218; *Matheson's Heirs v. Hearin,* 29 Ala. 210; *King*
*v. Kent's Heirs,* 29 Ala. 549; *Wallace v. Hall's Heirs,* 19 Ala.
367; *Wyatt's Adm'r v. Scott,* 33 Ala. 313; *Worley's Adm'r*

Collins v. Johnson.

*v. High's Adm'r*, 40 Ala. 171, 176; and *Austin v. Jordan*, 35 Ala. 642.

As the other questions mooted in the assignment of errors may not again arise on a new trial, further notice of them is omitted.

The judgment of the court below is reversed, and the cause remanded for a new trial.

[NOTE BY REPORTER.—The appellee petitioned for a rehearing in this case, in which the foregoing opinion was delivered at a former term of the court. The argument in support of the petition did not come into the Reporter's hands. The following response was made to the petition at the present term :]

PETERS, J.—The application for a rehearing in this case is based upon the ground that the sale by order of the court of probate is void. This is assumed to be so, because it is alleged that the petition for the order of sale " does not show that the lands are in the State of Alabama. It only states the numbers of the land by section, township and range."

The petition for the order of sale is not set out in the transcript of the record of the proceedings in the court of probate, but the order showing that the application was made, and fixing a day for the hearing of the petition, is set out in the record ; and this fails to show where the land lies, except by the number of the section, township and range· But the order for the sale itself does show that the land ordered to be sold laid in the county of Barbour, in this State. This latter order also shows that all the necessary jurisdictional facts were proven on the hearing, and considered by the court on the rendition of its final judgment. The sale was made in 1842, the purchase-money was paid, the sale confirmed, and a deed made to the purchaser. The action in this case was not brought until 1867. This was above twenty-five years after the sale. The defect complained of was amendable, and to permit it to avoid the sale after so long a delay would be indeed "converting a court of justice into a snare."—*King v. Kent's Heirs*, 19

Ala. 542, 553; *Satcher v. Satcher*, 41 Ala. 26, 39. To avoid this, and to support an order of the court of probate for the sale of lands for distribution, after a lapse of twenty years, if the order is otherwise regular, it will be presumed, when the order is collaterally attacked, that there was a sufficient petition to support it.

The rehearing is therefore denied, with costs.