# Collins *v.* Johnson.

## *Statutory Real Action in Nature of Ejectment.*

1. *Ejectment a legal action; equitable defenses not allowed.*—Equitable defenses can not be interposed to defeat ejectment,.or the corresponding statutory real action, which is strictly a legal action involving only the legal title.

2. *Parol gift of lands; rights created by.*—A parol gift of lands creates a mere tenancy at will, which may be revoked or reaffirmed by the donor, unless an adverse possession under it has continued for the statutory period, which bars an entry into lands.

3. *Possession; when subordinate to vendor's title.*—If there is an entry or continuance in possession under a contract of purchase, by parol, or writing, the possession is not adverse to the vendor, while the purchase money remains unpaid, but is in subordination of his title, and is not protected by the statute of limitations or any presumption arising from the lapse of time.

4. *Same; when adverse to donor.*—An uninterrrupted continuous possession by a donee, under a parol gift, accompanied by a claim of right to the lands, is adverse to the donor, and will be protected by the statute of limitations; but to convert such possession into an adverse possession, hostile to the title of the donor, there must have been, for the period prescribed by the donee, an absence of recognition of the title of the donor.

5. *Burden of proof; questions for court and jury; essential element of adverse possession.*—The burden of proving that the possession is adverse is upon the party alleging it. It is for the jury to determine whether the facts exist, and for the court to pronounce as a matter of law what facts, when proved, constitute such adverse possession. Hostility to the title of the true owner is its indipensable element.

6. *Possession merely permissive in its inception; when adverse.*—Where an entry and possession are merely permissive in their inception, allowed as a mere matter of favor, such possession can become adverse only by a clear, positive, continuous disclaimer and disavowal of the title of the former owner, and the assertion of a title hostile to him, brought to his knowledge. Without such disclaimer, and assertion of hostile possession, the length of time the occupant may have been in possession is immaterial.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This case was heard before the Supreme Court at a previous term, and may be found reported in 45 Alabama, 548, where its character is fully stated by PETERS, J., who delivered the opinion of the court. It was then reversed and remanded,.

VOL. LVII.

[Collins v. Johnson.]

and is now up on an appeal from the rulings of the court below in the second trial. The evidence on the trial, from which appeal is now taken, is in effect that the plaintiff (appellant) purchased the land in controversy at a sale made by the commissioners, on the application of the defendant, who was the administrator of the estate. The defendant (appellee) was the son-in-law of the plaintiff, and, according to plaintiff's evidence, after the purchase of the land he permitted defendant to occupy the premises, and defendant was in possession of the same, with the exception of a short time in 1866, when it was in the possession of one Wilson Johnson (a son of defendant and grandson of plaintiff), under a parol sale of the premises by plaintiff to said grandson. The defendant, however, denies that he surrendered the premises to said Wilson Johnson under said purchase. Upon this point the evidence is conflicting. The defendant pleaded "not guilty," and set up the statute of limitations of ten and twenty years, and adverse possession. The plaintiff offered to prove that it was his rule to let all of his married children live upon his land without giving the same to them. This was refused by the court, to which the plaintiff excepted, and assigns the same as error. The evidence showed that plaintiff had made a parol sale of the land to defendant in 1862, but defendant failed to comply with the terms of said sale; and that in 1866 he made a parol sale of said lands to said Wilson Johnson, his grandson, but said grandson also failed to comply with the terms of the sale. The court charged the jury, among other things, that "if they should find, from the evidence, that the plaintiff made a parol sale of the land in controversy to Wilson Johnson, and that Wilson Johnson went into possession of the same under said purchase, having the title-deed of the commissioners to plaintiff in his possession, and afterwards abandoned the possession without a rescission of the contract, that then the plaintiff could not maintain this suit; that while said sale was within the statute of frauds as between the parties to it, yet the statute could not affect the rights of defendant." To the giving of this charge the plaintiff excepted, and now assigns the same as error.

BENJ. GARDNER, for appellant.—1. The first charge (the charge set out in the statement of facts) was clearly erroneous. The parol sale by plaintiff to Wilson Johnson was clearly within the statute of frauds. The rights of the defendant, if he had any, could not be affected by the sale to

[Collins v. Johnson.]

Wilson Johnson, but to hold that the plaintiff had no right to bring this suit is a simple absurdity. Even if the sale had been a valid one, in the absence of any conveyance by the vendor, he could maintain this action, and in fact is the only party that could.—*Mitchell v. Robertson*, 15 Ala. 412; *Collins v. Robinson*, 33 ib. 91; *Seabury v. Stewart and Easton*, 22 ib. 207.

2. In this case there was no adverse possession. The defendant, according to his own evidence, held the land under a conditional parol gift of the plaintiff, and of course, held in subordination to the plaintiff's title.—*Harrison v. Pool*, 16 Ala. 167; 21 Ala. 151; *Knight v. Bell's Administrator*, 22 ib. 198; *Ormand v. Martin*, 37 ib. 598.

D. M. SEALS, *contra.*—1. The charge of the court given upon a hypothetical statement as to the parol sale of the land was not erroneous. — See *Arrington v. Porter*, 47 Ala. 714.

2. The opinion of the court found in 45 Alabama, 548, referring to the statute of limitations, is manifestly not the law, and this court is respectfully asked to overrule it.—See Cooley's Constitutional Limitations, pp. 364–5–6–7.

BRICKELL, C. J.—1. The action of ejectment, and the corresponding real action, which the Code authorizes, is a strictly legal action, involving only the legal title. Equitable defenses can not be interposed to defeat it.—*Chapman v. Glassel*, 13 Ala. 50; *Trammell v. Simmons*, 17 Ala. 411; *Nickles v. Haskins*, 15 Ala. 619; *Langford v. Love*, 3 Sneed, 308; *Jackson v. Parkhurst*, 4 Wend. 369. The court was in error in supposing the parol contract of sale to Wilson Johnson affected the appellant's right of recovery. If the contract had remained unrescinded, and possession had accompanied it, the purchase money having been paid in full, it would have raised in the vendee a mere equity, which can not be interposed against the legal title remaining in the appellant.

2. When this cause was formerly before this court it was decided that the appellant by his purchase at the sale made by the administrators of Stephen Johnson, and the conveyance made to him by them, acquired the legal title to the lands.—*Collins v. Johnson*, 45 Ala. 548. We reaffirm that decision. At the time of this sale, the appellee, who was a son of the intestate, and one of the administrators making the sale, was in possession. The possession was most probably merely by the permission of his father during his life.

[Collins v. Johnson.]

It certainly was without any claim of title. That is not, however, material, for the subsequent possession was merely by the permission of the appellant, or under a parol gift from him. Remaining in possession by permission of, or under a parol gift from appellant, was an acknowledgment of his title.—*Bourne v. Burton*, 6 Eng. Law and Eq. 325. By parol no greater interest (unless it be a lease for one year) than a tenancy at will can be created. If one, with the consent of the owner, is let into, or remains in possession, under circumstances not showing an intention to create a freehold interest, or a tenancy from year to year, he is a tenant at will.—1 Wash. Real Prop. 511. A vendee let in under an oral agreement of purchase, is a tenant at will of the vendor.—*Gould v. Thompson*, 4 Metc. 224; *Manchester v. Doddridge*, 3 Ind. 360; *Gray v. Stanion*, 1 Mees. & Wels. 695. A parol gift of lands creates a mere tenancy at will, and may be revoked or disaffirmed by the donor, unless an adverse possession under it had continued for the statutory period, which bars an entry into lands.—*Van Allen v. Rogers*, 2 Caine's Cases, 314.

3. If there is an entry, or a continuance in possession, under a contract of purchase, by parol or in writing, so long as the purchase money is unpaid, the possession is not adverse to the vendor, but in subordination to his title, and is not protected by the statute of limitations, or any presumption arising from lapse of time.—*McQueen v. Ivey*, 36 Ala. 308.

4. An uninterrupted, continuous possession by a donee, under a parol gift, accompanied by a claim of right to the lands, is adverse to the donor, and will be protected by the statute of limitations.—*Moore v. Webb*, 2 B. Mon. 282; *South School District v. Blakeslee*, 13 Conn. 237; *Sumner v. Stevens*, 13 Metc. 237. To convert such possession into an adverse possession, hostile to the title of the donor, there must have been, for the period prescribed by the statute of limitations, a claim of right asserted by the donee, and an absence of recognition of the title of the donor. If during the possession, the donee has recognized the title of the donor, and acknowledged its superiority, the possession is not adverse.

5. The burden of proving the possession adverse is upon the person alleging it.—*Herbert v. Hamick*, 16 Ala. 581. It is for the jury to determine whether the facts exist which will constitute adverse possession. What facts when proved constitute it, the court pronounces as matter of law.—*Benje v. Creagh*, 21 Ala. 151; *Farmer v. Eslava*, 11 Ala. 1028; *Her-*

*bert v. Hamick, supra;* 2 Smith's Lead. Cases, 566. Hostility to the title of the true owner is its indispensable element. If the jury should find that the appellant made a parol gift of the lands to the appellee, under which he remained in possession, claiming that he was the owner thereof, and not the tenant of the appellant, and the possession was uninterrupted and continuous for the period prescribed by the statute, to bar an entry into lands, the possession was adverse, and the appellant can not recover. If the appellee, when the parol sale to Wilson Johnson was made, voluntarily surrendered the possession to him, this fact is very material in determining the character of his previous possession. If he was forcibly ejected, that fact is also material, as indicating. a want of recognition of the title of the appellant.

6. If the possession of the appellee was merely permissive in its inception; if as a mere matter of favor, because of his relationship to the appellant, he was permitted to remain in possession of the lands, the possession could become adverse only by a clear, positive, continuous, disclaimer and disavowal of the appellant's title, and the assertion of a title hostile to him brought to his knowledge. From the time of such disclaimer of the appellant's title, and the assertion of a hostile title, the possession would become adverse, and if continuous and uninterrupted for the period prescribed to bar an entry into lands, the appellant can not recover. Without such disclaimer and assertion of hostile title, the length of time during which the appellee may have been in possession is immaterial, and does not affect appellant's right of recovery.—*Tillotson v. Kennedy,* 5 Ala. 407; *Shelton v. Eslava,.* 6 Ala. 230; 2 Smith's Lead. Cases, 566.

An observance of these plain principles will prevent a repetition of the numerous errors committed on the former trial.

The judgment is reversed, and the cause remanded.