[Boykin v. Smith.]

# Boykin *v.* Smith.

## *Statutory Real Action in nature of Ejectment.*

1. *Deposition; caption, and certificate.*—A caption is not indispensable to the authenticity of a deposition, when the annexed certificate of the commissioner shows that it was taken in obedience to the commission, that the witness was duly sworn, his identity being affirmed, and that his answers were reduced to writing, as nearly as possible in his own words, and signed by him in the presence of the commissioner; and if the commissioner also certifies that he is "not of kin or counsel of and for the parties to the suit, or in any manner interested therein," this, though not in the language of the statute (Code, § 3074), is a substantial compliance with its requisitions.

2. *Competency of witness; transactions with, and declarations of deceased person.*—In ejectment, or the corresponding statutory action, by one of several heirs at law, against the grantee by quit-claim of another heir, the defendant's grantor can not be permitted to testify, that the deceased ancestor gave him the land, and promised to make him a title to it: though the witness is not a nominal party to the record, he is within the spirit of the statute which prohibits a party from testifying to "any transactions with, or statements by a deceased person, whose estate is interested in the result of the suit" (Code, § 3058), and the action is within the terms of the statute.

3. *Acknowledgment of deed; sufficiency of certificate.*—A certificate by a justice of the peace, appended to a deed, which states that the grantors, man and wife, appeared before him, and that the wife, being examined apart, "acknowledged she signed the said deed of her own free will and accord, and without fear, constraint, or persuasion of her husband, *who all acknowledged they signed, sealed, and delivered the same, for the purposes therein contained,*" is not a substantial compliance with the requisitions of the statute (Code, § 2154), and does not render the deed admissible evidence without further proof.

4. *Tax sale of lands; auditor's certificate to purchaser, on redemption.*—When lands have been sold for unpaid taxes, and bought in by the State, the auditor's certificate to a person redeeming, which purports to "transfer all the right and title of the State secured by said purchase," would probably be claim and color of title, as an element of adverse possession, but is not admissible evidence as a muniment of title, without other evidence showing a compliance with all the statutory provisions regulating and authorizing sales of lands for unpaid taxes.

5. *Parol gift of lands, and possession under it.*—When a son enters into the possession of lands, under a parol gift from his father, he is a mere tenant at will; and his possession, however long continued, does not become adverse, until asserted so openly and notoriously as to raise the presumption of notice to his father; and if, after the death of his father, he joins with the other administrators in obtaining an order for the sale of the lands, and becomes himself the purchaser at the sale, this is a distinct recognition of the father's title, and his subsequent possession is held in subordination to it as purchaser.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Frank Boykin, against Levi T. Smith, to recover an undivided one-eleventh part of a cer-

tain tract of land containing forty acres, particularly described in the complaint; and was commenced on the 28th September, 1878. The plaintiff claimed title to the land as one of the heirs at law of Burwell Boykin, deceased, who died in the spring of the year 1859; and the defendant claimed under a quit-claim deed from Christopher Boykin, who was also one of the sons and heirs at law of said Burwell Boykin. Before entering on the trial, as the bill of exceptions states, "the plaintiff moved to suppress the depositions of Christopher Boykin and Narcissa, his wife, because the answers to the interrogatories had no caption to them; and because that part of the commissioner's certificate, as regards being counsel, or kin, or related to the parties to the suit, is so defective as not to be intelligible." The certificate to said depositions, as copied in the transcript, immediately follows the commission, precedes the answers of the witnesses, and is in these words: "I, W. W. Weir, the commissioner named in the annexed commission, do hereby certify, that, by virtue of said commission, I caused Christopher Boykin and Narcissa Boykin, the witnesses named in said commission, who are known to me to be the witnesses to whom the annexed interrogatories were filed, to come before me, at Quitman, on this, the 24th day of October, 1879; and that said witnesses were by me, then and there, duly sworn to speak the truth, the whole truth, and nothing but the truth, in making answers to said interrogatories; and that they separately answered the same, after said interrogatories were propounded to them by me; and that their answers were written down by me, as near as may be in the language of the witnesses, and were read over to the witnesses, and approved and signed by them in my presence, as their depositions; and that the foregoing depositions are the depositions of said witnesses, taken by me as aforesaid. And I further certify, that I am not of kin, or counsel of and for the parties to the suit, or in any manner interested therein. In witness whereof," &c. The court overruled the motion to suppress, and the plaintiff excepted.

The plaintiff testified, as a witness for himself, "that he knew the lands in controversy, and had resided near them all his life; that Christopher Boykin had fenced in about ten acres of said land, but the balance had always been in the woods; that the late Burwell Boykin had them in possession in his life-time, and exercised rights of ownership over them, and was in possession of them when he died; that said Burwell Boykin left eleven heirs surviving him, of whom he (said witness) was one, being his son; and that he had never heard, until to-day, that his father had ever made

a parol gift of said lands to Christopher Boykin, the brother of witness." The plaintiff then introduced one B. Burnes as a witness, "who testified, that said Burwell Boykin died in the spring of the year 1859 ; that he (witness), Christopher Boykin, and one Wright became the administrators of said Burwell Boykin's estate, and, as such administrators, obtained an order to sell his lands, among which was the land now in controversy ; that said lands were sold by said administrators, in the fall of the year after he died, and at said sale he (witness) bought the lands in controversy, and gave his notes for the purchase-money, and got a bond for titles from the administrators ; that he bought said lands in for Christopher Boykin, who said, that his father had made a parol gift of said lands to him, but that some of the heirs objected, and he put them in with the other lands of the estate to be sold ; that he (witness) said, at the time he sold the lands, that he made the sale in order to get some valuation on them ; that he had never paid his notes for the purchase-money, and had never been called on to pay them ; that he had transferred his bond for title to Christopher Boykin ; and that the records of the sale of said lands, and of said administration, had been destroyed by fire." One Cooper, another witness for plaintiff, testified, "that he knew the lands sued for ; that all of it was in the woods, except ten acres which had been fenced when Christopher Boykin claimed it ; that he heard Burwell Boykin say, that he had given the land to Christopher Boykin ; that Christopher Boykin had possession of the land for about thirty years before he sold it to defendant ; and that Burwell Boykin possessed it prior to the possession of said Christopher, and claimed it in his life-time."

The defendant then introduced as evidence the depositions of said Christopher Boykin and Narcissa, his wife. The answers of said Christopher to the direct interrogatories, were in these words : "I had possession of said lands ; went into possession thirty-four years ago ; remained in possession thirty-two years, and gave possession to Levi T. Smith about two years ago. Said possession was peaceable. I owned the land thirty-two years, and acquired possession from my father, Burwell Boykin. I received a bond for title from the administrator of the estate of Burwell Boykin, deceased. I do not know where said bond now is ; it was misplaced. I gave Levi T. Smith my tax-receipts for about twenty years taxes on said lands, being for years prior to my selling said land. I gave him a quit-claim deed, executed by me and my wife. My father said, he would give me title to the land at any time ; but, as he was killed, he never

executed a deed to me." His answers to the cross-inter-rogatories were as follows: "I acquired possession and ownership from Burwell Boykin, my father; and after his death, I bought the land from J. C. Wright, administrator of his estate, at administrator's sale. Burwell Boykin was the owner of the land, before I came into possession of it. I never paid the purchase-money for the land. I sold the land to Levi T. Smith, but did not show him a deed to it, because it was misplaced. He asked me to show him my evidence of title, and I told him I had a bond for title, and that it was misplaced. I was in possession of said land, and owned it by gift from Burwell Boykin. He is dead, and his lawful heirs are," mentioning their names. "I was never molested in my possession of said land. My father put me in possession of it, and told me that I could have it. John C. Wright gave me, at my house in Choctaw, a bond for title, about nineteen or twenty years ago." The testimony of Mrs. Narcissa Boykin was substantially the same as that of her husband. "Plaintiff objected to that part of Christopher Boykin's answers which related to conversations or transactions with Burwell Boykin, deceased; which objection the court overruled, and the plaintiff excepted."

The defendant then offered in evidence "the deed for said land made to him by said Christopher Boykin and his wife; to which plaintiff objected, on account of the following certificate." The deed referred to is not set out in the record, but the certificate is copied, as follows: "I, J. A. Buckalew, a justice of the peace in and for the said county and State, hereby certify, that the within named parties, Christopher Boykin and his wife, Narcissa C. Boykin, personally appeared before me this day, the 15th January, 1878; and that said Narcissa C., wife of Christopher Boykin, being examined by me separate and apart from her husband, touching the signature to the within quit-claim deed, acknowledged she signed the same of her own free will and accord, and without fear, constraint, or persuasion of her husband, who all acknowledged they signed, sealed, and delivered the same, for the purposes therein contained. In witness," &c. The court overruled the objection, and the plaintiff excepted; and the bill of exceptions then adds: "The defendant then proved the execution of said deed, and it was introduced as evidence to the jury; to which the plaintiff objected," and excepted to the overruling of his objection.

The defendant then offered in evidence "a certificate of redemption of said lands, executed to him by Willis Brewer, the State auditor," whose signature was admitted. The certificate was headed "Transfer of Land Certificate,"

[Boykin v. Smith.]

was dated the 13th April, 1878, and in these words : " *Where-as*, T. S. Ulmer, tax-collector in and for the county of Choctaw at the time, did offer for sale, and proceed to sell before the court-house door of said county, on the 15th day of March, 1874, the following tracts or parcels of land, the same being duly assessed for the taxes of the year 1873, and delinquent therefor, and being sold in accordance with the law for the sale of lands delinquent for taxes ; and *whereas*, at said sale, the State of Alabama did purchase the said tracts or parcels of land, a record of which was duly made and recorded in this department : Now, be it known that, under and by virtue of the authority in me vested, by the terms of an act to define the duty of the State auditor in relation to lands sold for taxes and purchased by the State, approved March 8th, 1876, I, W. Brewer, auditor of the State of Alabama, do hereby transfer to Levi T. Smith all the right and title of the State, in and to the following described tracts and parcels of land, which were secured to the State by said purchase, to-wit," describing the lands sued for. " Witness my hand," &c. The plaintiff objected to the admission of this certificate as evidence, but without stating any particular ground of objection ; and he excepted to the overruling of his objection. The only other evidence offered in connection with this certificate was the testimony of the defendant, " that he sent the money to the auditor, and received said certificate by mail ; and that Christopher Boykin had given him possession of said land under his purchase, which was about two years' ago."

" This being all the evidence, the court charged the jury, among other things, that a parol gift of land would give a party a right to enter upon the premises, and not become a trespasser. The plaintiff then asked the following charges, which were in writing, and which the court refused to give : 1. That the parol gift of the land by Burwell Boykin to Christopher Boykin is void, and said Christopher's possession under said gift was not adverse to plaintiff, and the time of his occupancy can not be estimated in computing the time for the completion of the ten years' adverse possession. 2. If the jury believe the evidence, they will find for the plaintiff." The court refused each of these charges, and the plaintiff excepted to their refusal ; and he now assigns the refusal of these charges as error, together with the rulings of the court on the evidence, to which, as above stated, he reserved exceptions.

GLOVER & TAYLOR, for appellant.

[Boykin v. Smith.]

S. H. SPROTT, *contra.*

BRICKELL, C. J.—1. The objections to the depositions of Christopher and Narcissa Boykin were not well taken. A caption is not indispensable to the authenticity of a deposition, when, by the certificate, it is shown to have been taken in obedience to the commission, by the commissioner therein named, the personal identity of the witness affirmed, his answers reduced to writing by the commissioner, and that he was duly sworn. Every fact is certified to the court which is essential; and it is unimportant whether the facts are stated in a caption, which must be certified, or embodied in a single certificate. The affirmation by the commissioner that he was "*not of kin, or counsel of and for the parties to this suit, or in any manner interested therein,*" was a substantial compliance with the requisition of the statute.

2. But, in permitting Christopher Boykin to testify that he acquired possession of the lands from his deceased father, and that his father said he would give him title to the lands, the Circuit Court erred. True, the witness is not a nominal party to this suit; but the defendant is his grantee, claiming to have derived from him the title which was vested in his father while living. The appellant was claiming to recover an undivided one-eleventh part of the lands, as having descended to him from his father. If the suit were between the appellant and Christopher Boykin, the latter would be within the words of the exception in the statute prohibiting a party from testifying "*to transactions with, or statements by a deceased person, whose estate is interested in the result of the suit.*"—Code of 1876, § 3058. The purpose of the evidence, and the only result to be reached by it, would be to take away the legal rights of the appellant as heir at law. The policy of the exception is the exclusion of the parties in interest, from testifying to transactions with, or statements by a deceased person, when the purpose of the evidence is to diminish the rights of the deceased, or of those claiming in succession to him.—*Key v. Jones*, 52 Ala. 247. That the grantee of the witness is the nominal party defendant, can not render him competent. He is still within the spirit and policy of the exception, which intends there shall be mutuality in the operation of the statute rendering parties competent witnesses. If death has sealed the lips of one party, the law intends, as to this species of evidence, to seal the lips of the living. A conveyance with or without warranty, or a transfer of the subject-matter of the suit to another, can not enable the living party to testify; or the policy of the exception could, at the pleasure of parties, be defeated, and

all the evils of champerty and maintenance let in, inducing speculative litigation, and corrupting the administration of justice.— *Lewis v. Easton*, 50 Ala. 470.

3. The certificate of acknowledgment of the conveyance from Christopher Boykin and wife to Smith is not in substantial compliance with the statute, and did not authorize the reading of the conveyance in evidence without further proof.—Code of 1876, § 2154; *Keller v. Moore*, 51 Ala. 340.

4. The certificate of the auditor would, probably, be a claim and color of title, which would support a possession under it as adverse, if continued so long that the statute of limitations operating upon it would bar an entry, or an action by the true owner for a recovery of the lands. It was not offered, however, as an element of an adverse possession, but as a muniment of title—as evidence that the title of the true owner had been divested, and that the defendent had succeeded to it. A tax sale, whether an individual or the State becomes the purchaser, will not pass title—will not divest the estate of the true owner—is a mere nullity, unless the party claiming under it shows that all the provisions of law, precedent to, and authorizing the sale, have been complied with substantially.—2 Brick. Dig. 469, §§ 28–38; *Oliver v. Robinson*, 58 Ala. 46. Without the offer to introduce, or the introduction of evidence of a compliance with the statute, the certificate of the auditor ought not to have been admitted.

5. The only claim of title asserted by Christopher Boykin, was under a parol gift from his father. The gift, if succeeded by possession, created a mere tenancy at will. The possession was by permission of the donor, and in subordination to his title, until it was asserted as hostile, so openly and notoriously that notice of the adverse claim could be imputed to him. The possession, however long continued, if the donee recognizes and acknowledges the title of the donor, is not adverse, and furnishes no room for the operation of the statute of limitations.—*Collins v. Johnson*, 57 Ala. 304. Hostility to the title of the true owner is an indispensable element of adverse possession. There is a want of evidence, in this record, of any claim of title or possession by Christopher Boykin, other than under the parol gift, or hostile to the title of his father. There was, by the order of sale of the lands, which he, as one of the administrators of his father, participated in obtaining, and his purchase at the sale, a distinct recognition and acknowledgment of the superiority of the title with which his father was clothed, and which, on his death, descended to his heirs. The sale terminated the tenancy at will; and he was in possession, afterwards, as a purchaser, no   ving received a conveyance

[Jordan v. Jordan's Adm'r.]

of title, and without making payment of the purchase-money. The subsequent possession was in subordination to the title of the heirs of his intestate ; and upon it neither the statute of limitations, nor presumptions arising from lapse of time, would operate.—*Collins v. Johnson, supra; McQueen v. Ivey,* 36 Ala. 308. The charges requested by the appellant ought to have been given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.