# Gillespie, *et al.* *v.* Gillespie.

*Bill for Sale of Land for Division.*

(Decided Feb. 6th, 1907. 43 So. Rep. 12.)

1. *Adverse Possession; Character of Possession; By Donee.*—One holding land under a parol gift is a tenant at will, until there has been such adverse possession by him that, if continued for the statutory period will work a divestiture of the donor's title,

2. *Same; Claim of Right.*—To be adverse to the donor, the possession of land by one who enters under a parol gift must be accompanied by a claim of right and hostility to the donor's title.

3. *Same; Evidence; Sufficiency.*—The evidence in this case considered and held insufficient to show that the possession of the donee was adverse to the donor's title.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED BENNERS.

Bill by James M. Gillespie, administrator of the estate of John G. Gillespie, deceased, against James M. Gillespie, Jr., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

This was a bill filed by the administrator of John G. Gillespie against a number of respondents, seeking to sell for division certain lands mentioned in the bill. The allegations are that John Gillespie was a resident of said county and died before the filing of the bill, and that his wife, Martha C. Gillespie, was dead, and that both died without issue. The heirs are alleged to be the

brothers and sisters of the deceased, and the children of such brothers and sisters as are dead, all of whom, together with their interest in the land, are set out in the bill. It is further alleged that owing to the number of heirs and the smallness of some of the shares, together with the fact that about 75 acres of land is improved and the balance unimproved, and also the further fact that deceased had conveyed the mineral interest in part of said lands, an equitable division of the same cannot be made without sale, and that Mary Miller and others of said heirs desire the same to be sold. It is also alleged that the personal assets of the estate are more than sufficient to pay the claims and debts against the said estate and the cost of administration. The respondent James Gillsepie admitted the death of the owner of the land, but asserted that before his death, and for more than ten years before his death, decedent had given him a certain 70 acres of said land, and that he had gone upon it and continued in adverse possession of the same for more than 10 years next before the filing of the bill, and that he had occupied the same continuously as his own. The tendencies of the evidence are set out in the opinion. The chancellor decreed a sale of the land and the other relief prayed for, and also decreed that the respondent James Gillespie was entitled to a lien upon the 70 acres of land claimed by him for the present value of all improvements, betterments, and enhancements erected by him.

GEORGE D. HUDDLESTON, and JOHN T. STRANGE, for appellant.—The act of the uncle in giving the land to the nephew and inviting him to improve it estopped the uncle and complainant from asserting any claim or ownership in the land or from denying the defendant's title thereto.—*A. G. S. R. R. Co. v. S. & N. R. R. Co.*, 84 Ala. 570; *Cowan v. Southern Ry. Co.*, 118 Ala. 554; *Hoone v. Pollack*, 118 Ala. 617; *Hendrix v. Kelly*, 64 Ala. 388; *S. & N. R. R. Co. v. A. G. S. R. R. Co.*, 102 Ala. 236; *R. R. Co. v. Jones*, 68 Ala. 48; *Franklin v. Pollard Mill Co.*, 88 Ala. 318. The sufficiency of appellant's plea not having been questioned, and being suported by the testimony undisputedly, appellant was entitled to a decree

on it, notwithstanding the plea did not present a defense.—*Tyson v. Decatur Land Co.*, 121 Ala. 414; *Horn v. Detroit Dry Dock Co.*, 150 U. S. 610; *Kennedy v. Cresswell*, 101 U. S. 641; Fletcher's Eq. P. & P. § 290.

J. G. CREWS, and JNO. W. TOMLINSON, for appellee.— A parol gift of land creates a tenancy at will and the gift may be disaffirmed or revoked at any time unless barred by the statute of limitations under adverse holdings.—*Collins v. Johnson*, 57 Ala. 306; *Boykin v. Smith*, 65 Ala. 294. Where the land is claimed under a parol gift accompanied by possession for more than ten years it requires more than the ordinary act of ownership to convert such possession into an adverse holding.—*Burrus v. Meadows*, 90 Ala. 140; *Vandiver v. Stickney*, 65 Ala. 224; *Boykin v. Smith, supra*. Where a relation exists between the owner and the party in possession by which the possession is referrable to the title the holder of the title is justified in assuming that the possession is subordinate thereto and held in recognition thereof until knowledge to the contrary is brought to him.— *Trufant v. White*, 99 Ala. 526; *Baucum v. Jenkins*, 65 Ala. 259. Under the facts in this case appellant's title was not adverse and furnishes no room for the operation of the statute.—*Trufant v. White, supra; Boykin v. Smith, supra*. Appellant was not a competent witness to prove the gift by the deceased.—Code 1896, § 1794; *Boykin v. Smith, supra*. The declaration of appellant to third person that the land was his was of no consequence in the absence of proof that he held the land adversely to the donor and that the donor had knowledge of the adverse holding.—*Jones v. Pelham*, 84 Ala. 208; *Butler v. Butler*, 133 Ala. 377.

McCLELLAN, J.—He who enters into the possession of lands under a parol gift is a tenant at will, until there has been by him such adverse possession as, if continued for the statutory period, will work divestiture of the donor's title. The possession, to merit the protection of the statutory bar, must be uninterrupted and continuous, accompanied by a claim of right to the land and hostility to the title of the donor, and without recognition thereof.—*Collins v. Johnson*, 57 Ala. 304; *Tru-*

[Gillespie, et al. v. Gillespie.]

*fant v. White,* 99 Ala. 526, 13 South. 83; *Boykin v. Smith,* 65 Ala. 294; *Burrus v. Meadors,* 90 Ala. 140, 7 South. 469. Conceding, for the purposes of this opinion, that appellant's childless uncle by parol gift installed appellant in possession of the "Killough place," a concession of very doubtful support in this record, we do not think appellant has discharged the burden of proof assumed by him in his pleadings; and our conclusion, after a careful consideration of the legal and competent testimony offered, may be rested, on the part of alleged donor, upon his acts in and about the "Killough place," including its improvements by him, and the unvarying assessment and payment of taxes thereon, and his negotiations for a sale of the minerals underlying the land; and, on the part of the appellant, the assertions, undenied by him, to the effect that his uncle had not given him that place, thereby evincing an entire absence, in his possession, of hostility to the title of the donor, and also appellant's failure to himself return the land for taxation in his own right, affording, in connection with the other evidence, the inference that he claimed no taxable interest in the property.—*Green v. Jordan,* 83 Ala. 220, 3 South. 513, 3 Am. St. Rep. 711. Where a donor alone assesses and pays the taxes on the alleged subject of the gift for a period of nearly 20 years succeeding the time of the alleged gift is, as matter of evidence and unexplained, inconsistent with a possession by a donee that may ripen into a fee estate; and such acquiescence in the annual proclamation by a donor of his title is a fact of strong probative force that the donee's possession was in subordination to the title and in recognition of it. The decree, being in accord with this conclusion, is affirmed.

Affirmed.

cur.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., con-