(121 So. 45)

### COOKE v. WILBANKS. (7 Div. 793.)

Supreme Court of Alabama.   March 21, 1929.

M. M. Smith, of Pell City, and Rudulph & Smith, of Birmingham, for appellant.

Frank B. Embry, of Pell City, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BOULDIN, J. The bill is filed by Dr. J. G. Wilbanks against W. P. Cooke and his father, La Fayette Cooke, to reach and subject certain assets alleged to be subject to the payment of a judgment recovered by complainant against W. P. Cooke for assault and battery.

These assets are alleged to have been fraudulently conveyed to La Fayette Cooke since the cause of action arose, or to be in his hands and fraudulently concealed and withheld.

The appeal is from a decree overruling demurrers of La Fayette Cooke to the bill.

The case made by the bill is similar in its main aspect to that considered in Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370. On the authority of that decision, and without further discussion, we sustain the decree overruling demurrers to the bill as a whole, and to its several aspects, except that presented by section 6 of the bill, now to be considered.

This feature seeks to subject a farm of 520 acres, known as the old Cooke farm, on the theory that W. P. Cooke is the equitable owner.

As to this property the bill alleges no more than a parol gift of the property from father to son, possession taken and held for a number of years under claim of ownership, and that after the shooting affair resulting in plaintiff's judgment, the father reasserted his dominion over the property. There is no allegation that the son held adverse possession under claim of ownership for a continuous period of ten years.

Title to land, legal or equitable, does not pass by parol gift and possession taken thereunder. Ten years' adverse possession may confer title, or, as sometimes said, ripen into title. Until then, the gift is revocable; the donee is in law a tenant at will. Gillespie v. Gillespie, 149 Ala. 184, 43 So. 12; Collins v. Johnson, 57 Ala. 304; Boykin v. Smith, 65 Ala. 294.

In the Fenner & Beane Case, an issue of estoppel against La Fayette Cooke was presented. The theory of complainants, Fenner & Beane, was that W. P. Cooke, engaged in business, had listed this property as part of his assets, in making financial statements to credit bureaus, and on the faith of same credit had been extended by complainants. In the decision, it was held the evidence did not show the father knew of and consented to the use of this property as a basis of credit. Such knowledge and acquiescence were necessary to an estoppel against him.

The present bill makes no case on that theory. This was an action of tort—assault and battery. No basis of credit, as in Fenner & Beane, is involved.

Assignments of demurrer numbered 16 to 22, directed to section 6 of the bill, should have been sustained.

For error in this regard, the decree is reversed and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.