44 So.2d 756

**COLLINS v. COLLINS.**

5 Div. 461.

Supreme Court of Alabama.
March 2, 1950.

A. B. Foshee, of Clanton, for appellee.

Omar L. Reynolds, and Reynolds & Reynolds, of Clanton, for appellant.

LIVINGSTON, Justice.

Frances R. Collins filed suit in the Inferior Law Court of Chilton County against Fannie Collins to recover certain lands described in the bill of complaint. Under the provisions of section 987, Title 7, Code of 1940, the cause was removed to the Circuit Court of Chilton County. The complaint filed in the Inferior Law Court contained three counts, numbered I, II and III. After removal the plaintiff amended the complaint by adding counts A, B and C. Demurrers were interposed to the complaint as amended and overruled. The trial below was by the court without the intervention of a jury, and resulted in a judgment for the plaintiff for the lands sued for, and from which judgment the defendant appealed.

The trial court made no special finding as to the facts in the case, which was not required. However, we think it advisable to state our conclusions drawn from the evidence.

Frances R. Collins, a widow, plaintiff in the court below, owned some three or four hundred acres of land in Chilton County. She had five sons and three daughters. On or about July 20, 1936, she being then about eighty years of age, called all, or some of the children together, and divided her lands into eight tracts or parcels, executing eight separate deeds, each deed describing a separate tract, or parcel of land and naming one of her children as grantee. These deeds were not delivered and there was no intent to deliver them at that time. Two of the deeds were delivered later, but they are not here involved.

The deed to the tract of land here involved named Edgar Collins, one of the sons, as grantee. Edgar Collins is the husband of Fannie Collins, the defendant in the court below. At the time Frances R. Collins signed the deed naming Edgar Collins as grantee, notes in the amount of $500, secured by a mortgage on the lands described in the deed to Edgar Collins, were prepared. Neither notes nor mortgage were ever signed by Edgar Collins.

In January 1937 Edgar Collins and his wife, Fannie Collins, the defendant, together with their three children moved into a house on the lands described in the deed to Edgar Collins. About June 1941, Edgar Collins abandoned his family, departed for parts unknown and has never returned, though the evidence is sufficient to sustain a finding that he is still living. Fannie Collins, the defendant, continued to live on the lands described in the deed to her husband until this suit was commenced. Neither Edgar Collins nor Fannie Collins ever paid any rent for the premises described in the deed to Edgar Collins, nor did Frances R. Collins ever ask for or demand any rent. Fannie Collins made some improvements on the house and lands. At all times Frances R. Collins assessed the lands for taxes and paid the same.

Section 987, supra, provides: "Any defendant in a suit for forcible entry and detainer or unlawful detainer may remove such action from the justice of the peace or other officer before whom the same is brought to the circuit court or court of like jurisdiction of the county in which the real estate sued for is situated in the following manner: The defendant desiring to remove such case shall, at any time before the judgment is rendered against him by the justice or other officer before whom the same is brought, file a sworn petition to the judge of probate of the county in which such suit is commenced, or any judge of the circuit court, or court of like jurisdiction, containing the following statements: The fact that such suit is pending before a justice of the peace or other officer, the name of the plaintiff, with description of the property sued for, the name and title of the officer before whom the suit is pending, the county and precinct of the justice, and also stating that the defendant entered on the land sued for, peaceably and under claim of title thereto, and not under claim of any agreement, contract, or understanding with the plaintiff, or those under whom he claims, and that petitioner bona fide desires to contest with plaintiff the title to said land, and asking that such suit be removed from before such justice or other officer to the circuit court of the county in which such lands are situated."

The foregoing statute provides for the removal to the circuit court on sworn petition which must aver "that the defendant entered on the lands sued for, peaceably and under claim of title thereto, and not under claim of any agreement, contract or understanding with the plaintiff, or those under whom he claims," and that petitioner bona fide desires to contest with plaintiff the title to said land. Lockhart case (Ex parte Lockhart), 224 Ala. 517, 140 So. 762; Jones v. White, 230 Ala. 144, 160 So. 239.

In the circuit court after removal, the plaintiff must recover on the strength of his legal title as in a statutory action in the nature of an action of ejectment, unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract, or agreement between plaintiff or those under whom he claims, or by use of force, in which later case no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant. Section 989, Title 7, Code.

 The defendant's theory of the case seems to be that plaintiff made a parol gift of the lands to her son, the defendant's husband; that the land constituted the homestead of the son and that she, the defendant, as the wife of the son, was entitled to defend the suit for its possession. Defendant offered evidence tending to prove a parol gift. This evidence was properly excluded. "Title to land, legal or equitable, does not pass by parol gift and possession taken thereunder. Ten years' adverse possession may confer (we interpolate, under certain conditions, Cox v. Broderick, 208 Ala. 690, 95 So. 186) title, or, as sometimes said, ripen into title. Until then, the gift is revocable: the donee is in law a tenant at will." Gillespie v. Gillespie, 149 Ala. 184, 43 So. 12; Collins v. Johnson, 57 Ala. 304; Boykin v. Smith, 65 Ala. 294; Cooke v. Wilbanks, 219 Ala. 44, 121 So. 45, 46.

The uncontradicted evidence shows that the legal title to the lands sued for is in plaintiff, Frances R. Collins, and no evidence rejected in the court below tended to show otherwise.

Count III of the complaint was subject to demurrer which should have been sustained. However, on the record before us, no error prejudicial to defendant is made to appear. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

 Section 989, supra, provides that on the trial of the cause, such as this, in the circuit court, evidence may be introduced as to the rental value of the land sued for during the detention, and should the court (or the jury when tried by a jury) find for the plaintiff, it will assess his damage, and judgment will be rendered accordingly. The trial court failed to assess any damage in accordance with the foregoing, although there was evidence as to such damages. Plaintiff cross assigns this failure to assess damages. The assignment is well taken and must be sustained.

On direct appeal the judgment is affirmed. On cross assignments the judgment is reversed and the cause remanded for assessment of damages.

Affirmed in part and in part reversed and remanded.

BROWN, FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.