70 So.2d 785

### COLLINS v. COLLINS et al.

5 Div. 581.

Supreme Court of Alabama.

March 4, 1954.

Grady Reynolds, Reynolds & Reynolds, Clanton, for appellant.

A. B. Foshee, J. B. Atkinson, Clanton, for appellees.

MERRILL, Justice.

This is an appeal from a final decree of the Chilton County Law and Equity Court denying complainant the relief prayed for and dismissing her bill of complaint, which sought a determination of her rights in property alleged to be the homestead of her husband, Edgar Collins, who had abandoned her in 1941, a finding that a deed to the property had been delivered to her husband in 1952, a charge that her husband, her mother-in-law and a lumber company had conspired to defraud her of any homestead or dower interest in the land by accepting a deed from her husband in which she did not join, and seeking an annulment of a divorce which her husband had secured in the State of Texas without notice to her two months after the filing of her bill in this cause.

This cause was before this court in Collins v. Collins, 253 Ala. 288, 44 So.2d 756, 758, and a clear statement of the facts up to that time appears in that decision and need not be repeated here. In that proceeding Mrs. Frances R. Collins, one of the appellees here, brought a suit in forcible entry and unlawful detainer against her daughter-in-law, Fannie Collins, the complainant and appellant here, and recovered the possession of the same lands involved in this proceeding. In the first suit Fannie Collins defended on the theory that Mrs. Frances R. Collins "made a parol gift of the lands to her son, the defendant's husband; that the land consti-

tuted the homestead of the son and that she, the defendant, as the wife of the son, was entitled to defend the suit for its possession." This court said in that case, " 'Title to land, legal or equitable, does not pass by parol gift and possession taken thereunder. Ten years' adverse possession may confer (we interpolate, under certain conditions, Cox v. Broderick, 208 Ala. 690, 95 So. 186) title, or, as sometimes said, ripen into title. Until then, the gift is revocable: the donee is in law a tenant at will.' (Citing cases.)

"The uncontradicted evidence shows that the legal title to the lands sued for is in plaintiff, Frances R. Collins, and no evidence rejected in the court below tended to show otherwise."

The issue in the present case became a question of fact as to whether Mrs. Frances R. Collins did deliver the deed to her son, complainant's husband, in 1952. Both she and her son denied the delivery; the complainant agreed that she had never had the deed in her possession and her husband had never had it before he abandoned her, and the nearest approach to evidence of delivery was the testimony of complainant's son, who testified that his father in 1952 pulled a paper out of his pocket which he called a deed and that his father said, "Hoss, Maw gave me my deed. When I sell my timber I am going to give you $500.00."

The pertinent parts of the decree of the lower court were as follows:

"That the identical tract of land, and the identical alleged conveyance of said land by which complainant now seeks homestead right of exemption in and dower interest in, are one and the same as that in the case of Frances R. Collins v. Fannie Collins reported in [253 Ala. 288], 44 So.2d p. 756, by which it was adjudicated that said alleged conveyance of said land was never consummated by delivery and that the legal title to said lands sued for was in said Frances R. Collins.

"All of the facts set forth by the Alabama Supreme Court in above cited case were proven in the case at bar.

"That said decision is a complete bar to complainant's cause of action in this case unless this court should find from the evidence that said alleged conveyance was delivered properly thereafter.

"That there was no direct evidence that said deed was ever delivered to grantee, only circumstantial, and said delivery was denied by both the grantor and grantee.

"That the evidence failed to show an equitable title, from which complainant is entitled to homestead exemption or a dower interest.

"That it is not necessary for this Court to render a decision on the question of whether or not there was a conspiracy as alleged in the complaint.

"That it is not necessary for this Court to decide whether or not the alleged foreign divorce decree is void.

"That complainant is not entitled to the relief prayed for."

Although the witnesses were allowed to go into some of the same facts that they did in the unlawful detainer suit, the uncontroverted testimony again was that there was no delivery of the deed prior to the first decision by the lower court and the affirmance of that part of the judgment by this court. The question of the delivery of the deed in 1952 being one of fact, and having been resolved by the lower court in favor of the respondents after hearing the evidence orally, the usual presumptions will be indulged in support of the decree, it not appearing that it is plainly and palpably wrong. St. Paul Fire & Marine Ins. Co. v. Johnson, 259 Ala. 627, 67 So.2d 896; Hale v. Hale, 259 Ala. 666, 68 So. 2d 63.

Having found that there was no delivery of the deed to the land involved, the lower court was correct in holding that it was unnecessary to decide the questions of the alleged conspiracy and the validity of the foreign divorce.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.