KENNEDY, Justice.
The defendant, Barbara Miller, appeals from a summary judgment in favor of the plaintiff, AmSouth Bank, N.A.
AmSouth filed an unlawful detainer action against Miller to remove her from property owned by AmSouth as the trustee for the pension account of Dr. A.S. Ludwig, Jr. Miller claimed an equitable interest in the property because, she said, she had an oral agreement with Ludwig, the beneficiary of the pension account, that she could remain on the property as long as she desired.
According to the record, Ludwig and Miller had been romantically involved and Am-South had permitted Miller to move onto the property in question in 1988. However, Miller never executed a lease on the property.
Miller argues that Ludwig was the alter ego for AmSouth as the actual decision-maker on matters relating to the property. According to an AmSouth official, although the AmSouth pension trust owned the property, Ludwig had the right “to participant [sic] indirectly in the decisions of purchase, sell [sic], and leasing of the property.” Miller says .that Ludwig bound AmSouth to an oral agreement that she could remain on the property as long as she desired.
Miller says that this promise forms the basis of her claim. Miller does not argue, nor does the record indicate, that there was any consideration for the alleged oral agreement that she could remain on the property as long as she desired. Thus, we construe this purported agreement to be an oral gift of an interest in land.
*465 A mere oral gift of an interest in land is revocable by the donor unless the donee’s possession ripens into title through adverse possession. Collins v. Collins, 258 Ala. 288, 44 So.2d 756 (1950). Miller does not argue that she has met the requirements of adverse possession, nor is there any evidence to suggest that she has. In fact, we note that such a claim would be inconsistent with her assertions on appeal.
The material facts of this case are not in dispute. Based on these facts, Miller could not prevail, as a matter of law and, therefore, the trial court correctly entered the summary judgment in favor of AmSouth.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.