# Fearn *et al. v.* Beirne.

*Action of Forcible Entry and Unlawful Detainer.*

1. *Forcible entry and unlawful detainer; removal of cause to cir-
cuit court under statute; when strength of title can not be
inquired into.*—Where an action of forcible entry and unlaw-
ful detainer commenced in a justice of the peace court is
removed by petition of the defendant into the circuit court
for trial under the provisions of the statute, (Code, §§
2147-2149), if it is shown that the defendants entered the
premises involved in the suit by the use of force, then the
defendants are not entitled to try their cause by institut-
ing inquiry into the strength of their title and that of the
plaintiff, (Code, § 2149); but upon such proof, the plaintiff
would be entitled to a finding and judgment in his favor.

2. *Mortgage of homestead; acknowledgements before grantee; can
not be declared invalid on collateral attack.*—While the fact
that the acknowledgments to a mortgage conveying a home-
stead are made before the grantee named therein, who was
an officer authorized by law to take acknowledgments, ren-
ders the instrument invalid, and the conveyance would be
adjudged void on direct attack, until the cancellation thereof
is decreed in some direct proceeding instituted for that pur-
pose, the conveyance will be treated by all courts as valid
and efficacious; and, therefore, in an action for the re-
covery of land, wherein such mortgage constitutes a link

in the chain of title, it is admissible, notwithstanding such irregular acknowledgment; and is not subject to be collaterally assailed on the ground of its invalidity.

3. *Forcible entry and unlawful detainer; admissibility of evidence of records and proceedings in other suits for the same lands.* In an action of forcible entry and unlawful detainer, the records and proceedings in other suits of forcible entry and unlawful detainer and ejectment for the same lands, in which the defendants in the present suit were plaintiffs and the tenants of the present plaintiffs were defendants, are admissible in evidence for the purpose of showing plaintiffs' prior actual possession of the premises sued for, and that such possession was known to and recognized by the defendants.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was an action of forcible entry and unlawful detainer brought by the appellee, Edward Beirne, against the appellants, Ann Fearn and Lee Fearn, for the recovery of the possession of a certain house and lot in the city of Huntsville. The suit was commenced before a justice of the peace on June 25, 1898. On the 28th of June, the defendants in said suit obtained an order for the removal of said cause to the circuit court of Madison county, in accordance with the provisions of the statute relating thereto, (Code, §§ 2147-2149). The order of removal was issued upon a petition addressed to the Judge of the Eighth Judicial Circuit, which alleged among other things "that the defendants in said suit entered upon the lands sued for peaceably and under claim of title."

On the trial, the undisputed evidence showed that the property sued for was occupied by one Edward Littlepage, as a homestead, long prior to, and at the time of his death, which occurred about 1887. It further appeared that, after the death of said Littlepage, the said premises were occupied by his widow, Maria Littlepage, until her death, in March, 1897. After the death of the said Maria, the premises remained vacant until plaintiff entered and took possession some time in June, 1897. Plaintiff had previously qualified as the administrator

of the estate of the said Edward Littlepage, and when he went to take possession, he found the house unoccupied, and no one on the premises except one Connally, a carpenter, who was putting some repairs on the house. He demanded the keys of said Connally, who refused to surrender them, saying that he had been employed to do the work by defendants, and could deliver the keys to no one else. Plaintiff then sent word to defendants by said Connally that he demanded the keys, and the possession of the premises. This message was delivered to defendants, and the keys were brought and turned over to plaintiff by a member of defendant's family. Having thus acquired possession of the premises, plaintiff rented the same to Archie Leslie and Fannie Duncan; and while these tenants were so in possession, an action of forcible entry and detainer was brought against them by Ann Fearn, one of the defendants, and resulted in a judgment for the said Leslie and Duncan. The said Ann Fearn then instituted an action of ejectment against these same parties, which was pending at the time of their entering upon the premises, and afterwards dismissed on her motion. The said tenants of plaintiff occupied the house for several months, and then moved out, leaving the same temporarily vacant, and while thus vacant, the defendants moved in and took possession.

There was conflict in the evidence as to the manner of taking possession by defendants. The evidence on the part of the plaintiff in the court below tended to show that this possession was forcibly taken. There was evidence tending to show that plaintiff's tenants moved out on Saturday, and that he had rented the house to one Erskine, who was to take possession the following Tuesday; that plaintiff was one the premises Sunday, and found all the doors and windows securely fastened; that the keys to the outer doors were in the possession of one Susie Pope, a niece of plaintiff, who still had them at the time of the trial; that Ann Fearn was seen early Monday morning, sitting on the porch of the house, and that she tried to take the keys by force, from Jackson Pope, who had gone there for the purpose of getting some shingles from the smoke house; that the next seen

of defendants, they were in the house, and the locks on the doors were broken. On the other hand, the testimony of the defendants themselves, and members of their family, was to the effect that they entered upon the premises peaceably; that they broke no doors, locks, or other outside fastenings. But they admitted that they bought new locks for all the doors. There was also evidence that after the taking of possession by defendants there were several arrests on both sides for trespass after warning. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff, to the rendition of which judgment the defendants duly excepted. The defendants appeal, and assign as error the ruling of the trial court upon the evidence and the rendition of judgment in favor of the plaintiff.

S. S. PLEASANTS and DOUGLASS TAYLOR, for appellant. It is clear law that the plaintiff in an action of ejectment must recover on the strength of his own title. If his title is not sufficient to support the action, or if defendant shows a superior outstanding title, the action is defeated.—*Wilson v. Glenn*, 68 Ala. 383; *Baucum v. George*, 65 Ala. 259; *Ellison v. Mayor*, 53 Ala. 558. The law is that the plaintiff must show prior actual possession to recover, and such possession must be adverse. *O'Donohue v. Holmes*, 107 Ala. 489; *Knowles v. Ogletree*, 96 Ala. 555.

The appellants, the evidence shows, had never been out of possession of the garden and every person who was present when the appellants went into the house after the tenants of appellee had left swears positively that no force whatever was used by them. They took possession peaceably and under color of right and claim of title which never constitutes a forcible entry under the law.—*Botts v. Armstrong*, 8 Porter, 57; *Berry v. Hubbard*, 32 N. E. Rept. 331.

[Fearn *et al.* v. Beirne.]

GRAYSON & FOSTER, *contra.*—Upon the plaintiff showing that the defendants did not enter into possession of the premises sued for peaceably, but by the use of force, the plaintiff was entitled to a judgment.—*Mallon v. Moog*, 121 Ala. 303; 25 So. Rep. 583.

In any event, the mortgage from Littlepage to Richardson, sought to be introduced to sustain the title of the defendants, was inadmissible. The record shows that the property mortgaged was the homestead of the mortgagor, and that the acknowledgement was taken before the mortgagee himself. This would render the mortgage inadmissible.—*Hayes v. Southern Home B. & L. Assn.*, 124 Ala. 663.

HARALSON, J.—1. Under section 2 of the act of 1895, entitled an act, "To regulate the practice and proceedings in civil cases in the circuit courts of Morgan and Madison counties," (Acts, 1894-95, p. 586), it is provided, that "in all cases whether commenced by summons and complaint, attachment or otherwise, the issues and questions of fact shall be tried by the court without the intervention of a jury, unless the jury be demanded by the plaintiff," or defendant in the manner specially prescribed in either case. Section 5 of the act provides, that "in the trial of any cause at law without a jury, in addition to the questions which may be presented to the Supreme Court for review, under existing laws and rules of court, either party may by bill of exceptions, also present for review the conclusions and judgment of the court upon the evidence," etc.

Section 6 of the act provides that "nothing in this act shall be so construed as to prevent the court from trying cases without a jury at any regular term in any case in which the jury is waived." This last section manifestly refers to trials of causes without jury on waiver of such trial by the parties, under the general law, without reference to such waiver under this special statute. Code (section 3319 *et seq.*) provides for this waiver, in stating that "an issue of fact in a civil case may be tried and determined by the court without the intervention of a jury, whenever the parties, or their attorneys of record, file an agreement in writing with the clerk waiving

a jury; and in such case, the finding of the court upon the facts shall have the same effect as the verdict of a jury." It is not pretended that any such an agreement for a waiver of a jury trial was entered into and filed as here provided. It must be held, therefore, that the cause was tried by the court, under the provisions of said special statute. Moreover, the judgment entry supports this conclusion in reciting, that "the cause coming on for trial and no jury being demanded, the cause was submitted to the court," etc.; a very proper recital to be made under section 2 of said special act, providing for the waiver of jury and the manner in which it shall be waived.

2. The action was for forcible entry and unlawful detainer commenced in a justice court by the appellee, Edward Beirne, as plaintiff, against Ann Fearn and Lee Fearn, the appellants, as defendants. It was removed on the petition of the defendants, into the circuit court for trial under the provisions of sections 2147-2149 of the Code, providing for such a removal on specified terms. It is not denied that the proceedings for removal complied with the terms of these statutes. The petition discloses, in the language of the statute, the purpose of defendant in having the cause removed, in stating that they, "defendants, in said suit, entered on the said land sued for peacefully and under claim of title thereto, and not under claim of any agreement, contract or understanding with the plaintiff in the case, and that your petitioners *bona fide* desire to contest with the said plaintiff the title to said land."

3. By section 2149, when removed into the circuit court, the cause is tried as a statutory action in the nature of ejectment, and plaintiff must recover on the strength of his title as in an action of that character, "unless he can prove that the defendant, or those under whom he claims, enters on said lands under some contract or agreement between (with )plaintiff, or those under whom he claimed, or by use of force, in which latter cause, no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant."

If the plaintiff proved, that defendants' allegation in

their petition, that they entered on the land sued for peaceably and not by use of force, was untrue, and that they entered by the use of force, the defendants were not entitled to try their cause by instituting inquiry into the strength of their title and that of plaintiff, but the plaintiff would have been entitled to a finding and judgment in his favor. There was no pretense that they entered by virtue of any contract or agreement with plaintiff. *Mallon v. Moog*, 121 Ala. 303.

4. In this case, "the court rendered judgment for the plaintiff for the possession of the land sued for, and for $66 rent during the detention," and awarded a writ of possession. This judgment, the complaint and plea, the evidence allowed to be introduced, and the course of the trial, all plainly indicated that the court tried and determined the cause as a statutory action in the nature of ejectment, and not as one of forcible entry and detainer. It was, therefore, tried and determined on the strength of the title of the respective parties, and on this appeal we must so treat the case.

5. The defendants were allowed to introduce a deed from James Steele and wife to Edward Littlepage and wife, Mariah, of date 10th November, 1873, by which he conveyed to them in moieties, the lands sued for, which deed contained the provision that each should "own, hold and possess an undivided one-half of said lot, and that the said Mariah shall not in the event of survivorship, claim, have or demand dower in the one-half of said lot, herein conveyed to said Edward."

The plaintiff claimed title from Edward Littlepage, and the defendants from him and his wife, Mariah. Both these parties mortgaged the lot to Wm. Richardson, from whom by mesne conveyances introduced in evidence, the defendants claim title and right to possession. By excluding the said mortgage of the Littlepages to Richardson, the other mesne conveyances to defendants lacked connection with the Littlepage title, and deprived defendants of evidence to show a superior title to plaintiff, who claimed title alone as administrator of said Edward, who was the owner only of an undivided half of the property. With the excluded Richardson mortgage before the court, the finding might well have been

in favor of defendants instead of for the plaintiff, for, in such case as to the strength of their respective titles, they showed an unbroken title, from Steele and wife, through Littlepage and wife to themselves; a better title than plaintiff presented.

The defendants attempted to show title from Edward Littlepage and wife, under whom both parties claim, by showing a mortgage from them to William Richardson, purporting to have been executed on the 31st March, 1883, and the subsequent foreclosure of the same, and title derived thereunder by Percy B. Fearn, and then, by his devise of the same by last will to defendant, Ann Fearn.

The land in question was shown to have been the homestead of said Edward Littlepage and wife. The mortgage to Richardson, was executed in the presence of two witnesses, but the wife, Mariah Littlepage, acknowledged the same, separate and apart from her husband, as appears, before the said Richardson, as judge of the probate court of Madison county, and he was the grantee in the mortgage. This mortgage was offered in evidence by the defendants, and plaintiff objected to its introduction, on the grounds that the mortgage was not self-proving, and that the property conveyed was the homestead of Edward Littlepage, and the separate acknowledgment and the general acknowledgment were taken before William Richardson, judge of probate, who was grantee in said mortgage. The court sustained the objection.

That William Richardson, the judge of probate before whom the acknowledgements of the mortgage were taken, was the grantee therein, seems not to have been disputed, but, in sustaining the objection of plaintiff to the introduction of the mortgage on this ground, the court, it appears, acted as though the fact, the basis of the objection, was admitted. The question presented, then, is whether the acknowledgements of the mortgage and the mortgage itself should have been held void on collateral attack made on the objection raised against their validity for this apparent defect. We have but recently held that a mortgage acknowledged before a no-

tary public who had an interest in the conveyance would not be open to attack when assailed collaterally on that ground. In that decision it was said: "The deed was not void on its face, but only because of extrinsic facts resting in parol. * * *. In such case the infirmities inhering in the execution of the mortgage can be shown only upon a direct attack on its validity, by which is intended some proceedings begun and prosecuted for the express purpose of having the conveyance adjudged void and cancelled, as, for instance, a bill in chancery setting up the facts as to the notary's incapacity and praying that the alleged deed be decreed to be surrendered up and cancelled; and until cancellation is decreed in such or other *direct* proceedings, the conveyance will be treated by all courts as valid and efficacious."—*Monroe v. Arthur*, 126 Ala. 362. The mortgage offered in evidence, as for the objection interposed and sustaining, was not void, but valid, and the court erred in excluding it.

It appears that William Richardson foreclosed this mortgage, purchased and received a conveyance to the property through a conduit of title. The defendants offered the deed of William Richardson to Ernest Robinson, on foreclosure of said mortgage, and Robinson's deed back to Richardson, the one of date 24th and the other of date 25th January, 1887; also the deed of William Richardson to Percy B. Fearn, of date 5th March, 1897, each deed to the same property; the transcript of the will of Percy B. Fearn and its probate, devising the property to his mother, Ann Fearn, one of the defendants, and proved by said Richardson that said Littlepage borrowed $100 from him, and gave him said mortgage to secure the same; that he was judge of probate of Madison county at the time, and the acknowledgement of the mortgage was taken by his bonded clerk, Wm. Vaughan, and on foreclosure of the mortgage, he made the deed, after the death of Edward Littlepage, by the direction of Mariah, his surviving wife, to Mr. Fearn, who, she told him, would purchase the property. To the introduction of the foregoing evidence, no objections were interposed.

The defendants then offered to introduce in evidence

said mortgage of Littlepage and wife to said William Richardson, to which offer the plaintiff interposed an objection, on what ground is not stated, which objection the court sustained. For nothing appearing in said evidence, was the invalidity of said mortgage made manifest, and the court again erred in excluding it.

6. It may be added that besides the objections to evidence passed on, we have examined the objections of defendants to the introduction by plaintiff of the proceedings before the justice of the peace between the plaintiff and the defendants in an action of forcible entry and detainer, and the ejectment proceedings in the circuit court, in the case of Ann Fearn, executrix of the will of Percy Fearn, against Archie Leslie and Fannie Duncan, the tenants of the plaintiff, for the recovery of this property, and find that the court committed no error in allowing the evidence to be introduced, for the purposes for which it was evidently offered. These proceedings were not intended as evidence of *res adjudicata* of title, but to show the plaintiff's prior actual possession of the premises; that such possession was known to and recognized by defendants; and that the intrusion by them during the temporary vacancy of the property was not in good faith.

For the errors indicated the judgment below must be reversed and the cause remanded.

Reversed and remanded.