VICKSBURG RAILWAY AND LIGHT COMPANY v. SOPHIA CAMERON.

[40 South. Rep., 822.]

NEW TRIALS. *Grounds not made at trial. Fact assumed by both parties.*

If on the trial of a suit against a street railway company both parties assume that the defendant owned and operated the railroad at the time plaintiff was injured and nothing in the case tends to show the assumption unwarranted, defendant ignoring the absence of evidence on the subject until after verdict for the plaintiff, the judgment of the trial court overruling a motion for a new trial will not be reversed because of the absence of such evidence.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Miss Cameron, the appellee, was plaintiff in the court below; the railway company, the appellant, was defendant there. From

a judgment in plaintiff's favor the defendant appealed to the supreme court.

Plaintiff sued to recover damages for injuries alleged to have been caused by the negligent operation of the cars of the defendant by its employes.   The appellant contended that the trial court should have given a peremptory instruction for the defendant, because plaintiff failed to introduce proof that defendant "owned and operated" the street railway.

*Smith, Hirsh & Landau,* for appellant.

There was manifest error in the action of the court in refusing to grant the motion to exclude plaintiff's testimony and give a peremptory instruction for the defendant.   The declaration of the plaintiff averred that on the 6th day of July, 1903, "the defendant owned and operated an electric street railway system in the city of Vicksburg, in said county, and was a common carrier of passengers for hire and reward; having paid her fare on one of the street railway cars of the defendant; having taken passage thereon about the southern extremity of said road on the Warrenton road, etc."   The defendant pleaded the general issue which denied every material fact in the plaintiff's declaration; and it was therefore necessary for the plaintiff to prove the averment above quoted; that the defendant owned and operated an electric railway system in the city of Vicksburg, and was a common carrier of passengers, and that she took passage, having paid her fare on one of the street railway cars of the defendant. The evidence of the plaintiff nowhere discloses that the Vicksburg Railway & Light Company owned the car upon which plaintiff took passage, or that said Vicksburg Railway & Light Company owned and operated an electric street railway system in the city of Vicksburg.

The error in omission on the part of the plaintiff in this case is exactly similar to the error in omission, as shown in the two following cases: *Citizens Street Railway Co.* v. *Stockdell*

(Ind.), 62 N. E. Rep., 21; *Indianapolis Street Railway Co.* v. *Lawn* (Ind.), 66 N. E. Rep., 508.

*Dabney & McCabe,* for appellee.

The point made that the evidence on the trial did not show that the defendant company owned and was operating the car from which the plaintiff was alighting when she was hurt is without merit.

It is true that in no express terms did any witness say on the trial that the defendant company owned and was operating the street railway at the time of the accident, but during the trial of the cause, and during the presentation and discussion of requests for instructions on both sides, and during the argument to the jury by counsel for defendant, it was assumed as a fact that the defendant company was the owner of and operated the street car on which the plaintiff was riding and from which she was alighting, at the time she was hurt.

The defendant's street railway was the only one in Vicksburg, and the only electric system that had ever been there, and this is a matter of common knowledge, and this was assumed to be a fact throughout the trial.

The court and the jury were perfectly right on the trial in assuming, as was done by the counsel for both sides in the case, and acting upon the assumption, that the defendant company was the owner of and operating the street car line at the time of the accident.

We copy the first instruction for the defendant as follows: "The court instructs the jury for the defendant that the plaintiff is not entitled to recover if they believe from the evidence that defendant's car stopped long enough at the corner of Washington and South streets for the plaintiff to alight in safety, and that before starting said car defendant's agents in charge thereof used reasonable care to see that no passenger was in the act of alighting."

Here is a plain statement by the defendant itself that the car belonged to it and was operated by it.    The same assumption and admission in a different form is contained in the other instructions for the defendant.

It is not sufficient to say that the matter was brought to the attention of the court on the motion for a new trial.    The question presented on that motion was whether or not the court and the jury had erred at the time of the trial.    There was no error at the time of the trial, as we have shown by excerpts from the instructions and the statements in the bill of exceptions.    Error cannot be predicated of the action of the judge or the jury under the circumstances set forth, as to what was done at the time of the trial.    Both the court and the jury had the right to act upon the assumption, and it was proper that they should do so, that the defendant was the owner of and operating the car.

There is ample authority for our position that when a fact is assumed by a party in a trial, he cannot afterwards question it. It would seem that no authority would be necessary for this manifestly just rule.    Any other rule would be in violation of the rules of estoppel and our sense of what is right and just.    But the matter has been before the courts, and it is now laid down as a fixed rule, that when a fact is assumed on a trial it cannot afterwards be called in question.    2 Cyc., 675 ; *Doe* v. *Dickson,* 23 Miss., 84; *Parr* v. *Gibbons,* 27 Miss., 375 ; *Alford* v. *Supervisors,* 65 Miss., 60 (s.c., 3 South. Rep., 246) ; *Marx* v. *Logue,* 71 Miss., 907 (s.c., 15 South. Rep., 890) ; *Gulf, etc., R. R. Co.* v. *Boswell,* 85 Miss., 320 (s.c., 38 South. Rep., 43).

CALHOON, J., delivered the opinion of the court.

The declaration is for the recovery of damages for personal injuries in the operation of an electric street car.    In the outset it avers that the defendant "owned and operated" the railway system.    In support of it the plaintiff introduced her own testimony and that of five other witnesses, and there was elaborate examination and cross-examination.    At the close of all the evi-

dence for the plaintiff there appears this: "The defendant moves the court to exclude the evidence offered by the plaintiff and for a peremptory instruction, and the defendant excepted." Thereupon the defendant introduced four witnesses, and there was examination and cross-examination. On both sides the evidence was, as to the operation of a particular car, negligence or non-negligence of the conductor in causing the hurt. The jury found for plaintiff. Defendant made a motion for a new trial (overruled by the court) based on alleged errors (1) in admitting evidence for plaintiff; (2) excluding evidence for defendant; (3) granting instructions for plaintiff; (4) refusing instructions for defendant; (5) modifying instructions for defendant; (6) excessiveness of verdict; (7) verdict against law and evidence and the weight of evidence; (8) for other causes to be shown at the hearing.

Not until the motion for a new trial was there the slightest intimation that there was objection because plaintiff had failed to show that defendant "owned and operated" the car. On the contrary, in urging the motion to exclude the evidence in behalf of plaintiff and for a peremptory instruction to the jury to find for defendant, the whole contention was on the sufficiency of the evidence to show negligence. Further than this the bill of exceptions shows that during the trial, and requests for instructions on both sides, and arguments on those, and during the argument to the jury on the evidence, "it was assumed as a fact that the defendant company was the owner of and operated the street car on which plaintiff was riding and from which she was alighting at the time she was hurt." If the objection of nonproof of ownership had been made while the jury was undischarged, it would have been supplied in a moment. The court was entitled, when the motion to exclude was made, to know the grounds of it, and cannot be entrapped in this way. The principle of this case was decided by this court in *Railroad Company* v. *Schraag,* 84 Miss., 125 (s.c., 36 South. Rep., 193).

*Affirmed.*