# Clarke *v.* Dunn.

### *Unlawful Detainer.*

(Decided May 24, 1909.   Rehearing denied June 30, 1909.
50  South. 93.)

1. *Unlawful Detainer; Removal to Circuit Court; Issue.*—Where an action of unlawful detainer is moved to the circuit court by the defendant before trial in the justice court title becomes an issue between the parties under section 2147, et seq., Code 1896.

2. *Same; Jury Question.*—Where land was divided by partition and the record of the partition proceedings was destroyed by fire and afterwards several of the co-partners of all the land joined in conveying a certain ten acres to M. as the surviving widow of one of the co-parceners, in which deed it was recited that said land was

allotted to the deceased husband in the partition proceedings and that he had possession of the land in his lifetime, and lived on it as his homestead, and afterwards M. and the other co-parcener executed a conveyance of the land in question to one T. and it was set out in such conveyance that the land was allotted to T. in the partition proceedings and that the deed was for the purpose of effecting the partition proceedings, the question as to whom the land was allotted in the partition proceedings, becomes one for the jury.

3. *Adverse Possession; Extent of Possession.*—Where one is in the actual possesion of land under a conveyance which amounts to color of title although ineffectual to pass title, the possesion is referred to the boundaries described in the instrument.

4. *Same; Color of Title.*—A deed is not rendered ineffectual as color of title by the fact that the acknowledgment is defective.

5. *Same; Evidence.*—Tax records showing payment of taxes by defendant on the land are admissible in evidence on the issue of adverse possession.

6. *Witnesses; Examination.*—A witness may give his best judgment of similarity between the original and copy of an acknowledgment to a deed taken by him and a request to give his best judgment is sufficiently apt to elicit his recollection in that respect.

7. *Evidence; Declarations of Agent.*—Where the character and scope of the agent are not indicated, an effort to show a declaration by an agent as to the location of a boundary line is properly disallowed.

8. *Charge of Court; Applicable to Case.*—An instruction which pretermits the consideration of an issue properly to be determined by the jury is properly refused.

9. *Trial; Appeal; Trial Court; Theory of Case.*—Where it appears that a case is tried in the lower court on a certain theory by both parties the appellant cannot, on appeal, invoke a consideration of the case, upon any other theory.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Action of unlawful detainer by Pat H. Dunn against Henry T. Clark. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

KIRK, CARMICHAEL & RATHER, and C. E. MITCHELL, for appellant.—Possession under a conveyance constituting color of title though not capable of passing title is not limited to the part actually occupied but is referred to the boundaries described in the instrument.— *Black v. T. C. & I. R. R. Co.,* 93 Ala. 190; *Burk v. Mit-*

[Clarke v. Dunn.]

*chell,* 78 Ala. 63; *Smith v. Kyser,* 115 Ala. 455; *Goodson v. Brothers,* 111 Ala. 589. Tax records showing the payment of taxes are admissible on the issue of adverse possession.—*Gist v. Bowman,* 104 Ala. 347; *Anniston C. L. Co. v. Edmondson,* 141 Ala. 366; *Wing v. Roswald,* 74 Ala. 346. The declartion of the agent was admissible.—*Pearce v. Adams,* 129 Ala. 157. The appellant clearly showed adverse possession of the land.— *Teague v. Bass,* 131 Ala. 422; *Bir. Co. v. Doss,* 131 Ala. 177.

DAVIS & FITE, and E. B. & K. V. FITE, for appellee.— There was no objection to the introduction of the deed in evidence because of the insufficiency of the acknowledgement.—*Jones v. Hagler,* 95 Ala. 529; *Torry v. Forbes,* 94 Ala. 135; *N. C. & St. L. v. Hammond,* 104 Ala. 191. The essential elements of adverse possession were wanting.—*Chastang v. Chastang,* 141 Ala. 451; *McCrary v. Jackson L. Co.,* 41 South. 822; *Bynum v. Hewlett,* 137 Ala. 333. Under the evidence in this case a forcible entry was shown and the question of title could not be inquired into.—*Mallon v. Moog,* 121 Ala. 303; *Brown v. French,* 42 South. 409; Sec. 4285, Code 1907.

McCLELLAN, J.—This was an action of unlawful detainer, commenced by appellee against appellant. It was removed to the circuit court on petition, and thereupon the title became the issue between the parties.— Code 1896, § 2147 et seq.

The lands in question originally belonged to E. G. Terrell. In 1886 all of the lands owned by Terrell at his death were partitioned, in the probate court, among his heirs. The courthouse of Marion county burned, destroying the evidence of the action taken in the partition of these lands. On September 12, 1888, the several

coparceners of all lands left by E. G. Terrell joined in a conveyance of a quarter section containing the two acres in controversy to Martha Terrell, the surviving widow of R. W. Terrell, deceased, to whom, it was recited in the instrument, the land in dispute was alotted on the partition mentioned. It was also recited in this instrument that R. W. Terrell, in his lifetime, took possession of the land described therein, lived on it as his homestead, and that after his death it was set apart to Martha Terrell, his widow, as her homestead. On November 12, 1888, two months subsequent to the execution of the deed to Martha Terrell, Martha Terrell and others of her original coparceners executed to Mary T. and W. J. Clark, her husband, the former one of the original coparceners, a conveyance of certain of these lands, embracing the 10 acres in dispute, for the recited purpose of effecting the partition previously undertaken in the probate court. In the premise of the conveyance there is set out the respective allotments to the children of E. G. Terrell, deceased, and the 10 acres in controversy appear as having been allotted to both Mary T. Clark and R. W. Terrell. The plaintiff would trace his title and rights back to Mary T. Clark, and the defendant claims his in succession from Martha Terrell, who stood in the place of her husband, R. W. Terrell.

To whom of the two, viz., R. W. Terrell or Mary T. Clark, this mentioned land was allotted on the partition, was an issue of fact for the jury. It is evident that both deeds, in the respect that they recite the original allotment to the one or to the other, or to both, evidence confusion and mistake. Counsel for appellant was given, at his request, a special charge affirming one of the issues to be as we have indicated. This question was submitted to the jury under all the evidence. The predecessor in right of each party claimed to have had pos-

session of the disputed tract from at least as far back as 1888, and there was evidence tending to support each contention.. The court therefore erred in charging the jury that adverse possession was not an issue for their decision. Without undertaking to restate the whole evidence bearing on this issue, it will suffice it to say that the plaintiff, himself, testified that a part of the 10 acres in dispute had been in the field of defendant and his predecessors for 18 or 20 years, and that defend-ant testified that a part of the 10 acres had been in cul-tivation and in the R. W. Terrell field for 18 or 20 years. There was also testimony tending to show that defend-ant and his predecessors in right had claimed this land for more than 10 years. What was, in truth, the fact, was for the jury to decide. In this connection, the prin-ciple that were one is in the actual possession of land under a conveyance which, though ineffectual to pass title, is operative as color of title, such possession is referred to the boundaries described in the instrument, is applicable to this case, provided actual possession of a part of the land described in the instrument was shown in defendant and his predecessors in right.— *Black v. Tenn. Co.,* 93 Ala. 109, 9 South. 537 ; *Goodson v. Brothers,* 111 Ala. 589, 20 South. 443.

The deed from John T. Terrell and others to Mary Clark was admissible as color of title, notwithstanding its acknowledgment was defective, and the court did not err in admitting it.—*Jones v. Hagler,* 95 Ala. 529, 10 South. 345.

The tax records offered by defendant should have been received in evidence on the issue of adverse pos-session.—*Gist v. Beaumont,* 104 Ala. 347, 16 South. 20 ; *Anniston Co. v. Edmondson,* 141 Ala. 366, 37 South. 424.

The "best judgment" of the witness Cooley, who took the acknowledgment, called for by the question as to the correctness of the copy of the deed offered in evidence, was sufficiently apt to elicit his recollection of the similarity between the original and the copy. The objection to the question was properly overruled.

Assignments numbered 9 and 10 are not supported by the record, and hence cannot be reviewed.

The effort to show a declaration by an agent of Mary T. Clark and Wm. Akins as to the location of the line between the Mary Clark and R. W. Terrell land was properly disallowed. The character and scope of the agency imputed to the alleged declarant was not indicated, and hence the inquiry was not brought within the ruling in *Pearson v. Adams,* 129 Ala. 157, 29 South. 977.

The charge set out in assignment 16 was erroneously given for plaintiff, because it pretermitted consideration of adverse possession—an issue to be determined by the jury.

The charge made the basis of the seventeenth assignment might well have been refused, because calculated to mislead the jury; but the giving of it did not constitute error.

There is no merit in the other errors assigned and urged in argument. The appellant expressly waived a number of his assignments.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

On Rehearing.

McCLELLAN, J.—It appears from the record that the cause was tried below upon the strength of the re-

[Cox v. Board of Trustees of the University of Alabama.]

spective titles of the parties. The plantiff (appellee) cannot on appeal invoke a consideration of the case upon any other theory.—*Fearn v. Beirne*, 129 Ala. 435, 29 South. 558; *Brown v. French*, 159 Ala. 645, 49 South. 225.