# *Ex Parte* Edwards.

### Mandamus.

(Decided April 13, 1916.   Rehearing denied June 30, 1916.
72 South. 256.)

**Unlawful Detainer; Removal of Cause.**—The provisions of § 4283, Code 1907, are not applicable to an unlawful detainer action where an entry as a tenant must be proven under § 4263, and under § 4271, Code 1907, the title is not involved.

ORIGINAL petition in the Supreme Court.

Petition by Mary Edwards for mandamus to require the Law and Equity Court of Mobile to vacate an order, remanding an unlawful detainer case to a justice of the peace, and to restore the cause to the docket for trial. Writ denied.

FREDERICK G. BROMBERG, for petitioner.   GREGORY L. SMITH & Son, for respondent.

[Ex Parte Edwards.]

SAYRE, J.—The Louisville & Nashville Railroad Company brought its action of unlawful detainer against the petitioner before a justice of the peace. Under the supposed authority of section 4283 of the Code, the case was removed on petitioner's motion into the law and equity court of Mobile for a trial of the title; but afterwards the court, upon motion of the plaintiff, remanded the case for trial before the justice of the peace. Thereupon petitioner applied to this court for a writ of mandamus to compel the judge of the law and equity court to vacate its last order, and to restore the cause to the docket for trial in that court.

Each count of the complaint alleged in substance that defendant had lawfully entered into possession, but, at the time of suit brought, unlawfully withheld the same from plaintiff. The action was unlawful detainer, as distinguished from forcible or unlawful entry and detainer, and it was never intended that the title to property should be tried in such action. Unless the defendant entered as tenant, the plaintiff could not recover, and it was immaterial where the title resided.—Code, §§ 4263, 4271; *Russell v. Desplous*, 25 Ala. 514.

Section 4283 of the Code only authorizes the removal of actions of forcible entry and detainer or unlawful entry and detainer to the circuit court or court of like jurisdiction for a trial of the title. Of actions of unlawful detainer, the circuit court can acquire jurisdiction by appeal only. It follows that the law and equity court, a court of like jurisdiction with the circuit court, properly corrected its ill-advised effort to assume jurisdiction by remanding the cause back for trial before the justice of the peace.—*Self v. Comer*, 166 Ala. 68, 52 South. 336.

Mandamus denied.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.