(75 South. 901)

SANDLIN et al. v. ANDERS et al.

(8 Div. 936.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 7, 1917.)

JUSTICES OF THE PEACE ☞75(2)—REMOVAL OF CAUSE TO CIRCUIT COURT—STATUTE.

Under Code 1907, § 4283, providing for removal of a forcible entry and detainer suit from a justice court to circuit court, the circuit court acquired no jurisdiction, where the suit was merely one of unlawful detainer.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 244.]

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Unlawful detainer suit between J. A. Anders and others and Randolph Sandlin and others in justice court, removed to circuit court under provisions of Code 1907, § 4283. On motion to dismiss appeal and on merits. Appeal dismissed.

Tidwell & Sample, of Albany, and Wert & Lynne, of Decatur, for appellants. G. O. Chenault, of Albany, and W. T. Lowe, of Decatur, for appellees.

THOMAS, J. The cause was submitted on motion to dismiss the appeal, and on the merits. The motion contained, among others, the following ground:

"The original suit being unlawful detainer, before a justice of the peace, and removed to the circuit court of Morgan county under section 4283 of the Code of 1907, to try title to land, the circuit court of Morgan county never acquired jurisdiction to render the judgment appealed from."

The original action being unlawful detainer, before a justice of the peace, whence it was attempted to be removed to the circuit court under said statute, that court never acquired jurisdiction of the cause, and had no authority to render the judgment from which the appeal is prosecuted. Self v. Comer, 166 Ala. 68, 71, 52 South. 336; Ex parte Edwards, 72 South. 256.[1] The cases of Brown v. French, 148 Ala. 272, 42 South. 409 (s. c., 159 Ala. 645, 49 South. 255), and Clarke v. Dunn, 161 Ala. 633, 50 South. 93, are not in conflict with the foregoing authorities. The report of the latter case might present an apparent conflict. A reference to the original record in that cause however, discloses the fact that the action was forcible entry and unlawful detainer; and thus is the decision harmonized with the construction of the statute announced in Ex parte Edwards, supra. This court takes judicial knowledge of the contents of its own records. N., C. & St. L. Railway v. Crosby, 194 Ala. 338, 70 South. 7.

The motion to dismiss the appeal for lack of jurisdiction in the circuit court is granted. Appeal dismissed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.