140 So. 437

## FARNED v. CLEERE.

### 8 Div. 363.

Supreme Court of Alabama.

March 17, 1932.

Jas. L. Orman, of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

**BROWN, J.**

The appellee brought an action of unlawful detainer before J. B. Hurley, a justice of the peace of Newburg, Franklin county, Ala., to recover possession of one house and lot in the northwest corner of W. E. Farned's estate, in section 7, township 7, range 10, west in Franklin county, Ala., "being more particularly described as follows: bounded on the west by Mrs. Eliza F. Cleere property, on the south and east by Will Farned property, and on the north by Walter Hollaway property, being an acre more or less."

The defendant filed a petition and obtained an order from the judge of the law and equity court for removal of the case to the law and equity court under the provisions of section 8024 of the Code of 1923.

After the case reached the law and equity court, the plaintiff amended her complaint by adding several additional counts describing the land as "about one acre of land off of the east end of a strip of land of 13⅓ acres and running north and south across NE¼ of NW¼ and across N½ of SE¼ of NW¼ and lying parallel with the west of a certain strip of land running north and south containing 13⅓ acres off of the east side of NE¼ of NW¼, and across N½ of SE¼ of NW¼, situated lying and being in Section 7, Tp. 7, R. 10, west in Franklin County, Alabama."

Counts 3, 6, and 7, in addition to the three-fourths of an acre, also embraced one acre as above described. All of the counts, both the original count filed in the justice court and those added by amendment, were substantially in the form prescribed by the statute.

The defendant interposed a demurrer "to the complaint" as a whole, not to the counts or any particular count, on the ground, among others, that the lands are indefinitely described therein. Some of the

counts sufficiently describe the lands, and therefore the demurrer was properly overruled. Buchanan v. Larkin, 116 Ala. 431, 22 So. 543; Griel v. Lomax, 86 Ala. 132, 5 So. 325.

The defendant interposed a plea of not guilty as to some of the lands and disclaimed as to the balance, upon which issue was joined. On the issue thus joined the case was tried before the court without the intervention of a jury, on testimony taken ore tenus, and on documentary evidence.

The plaintiff offered evidence going to show that the defendant, at the commencement of the suit, was in possession of all the lands described in the several counts of the complaint; that prior to the inception of defendant's possession the plaintiff had actual possession of the lands, and that the defendant rented the lands from the plaintiff and paid rent thereon; and that defendant's possessory right had terminated before the commencement of the suit.

■ The defendant, on the other hand, offered countervailing evidence tending to show that he did not rent the house and lot, the three-fourths acre tract from the plaintiff, but, on the contrary, moved in and occupied the house without plaintiff's permission, under claim of ownership and title in himself. This presented an issue of fact to be determined by the court, and we cannot affirm, as appellant contends, that plaintiff's evidence left the question to mere conjecture or speculation, or that the conclusion of the trial court was against the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52.

Section 4283 of the Code of 1907 did not authorize the removal of actions of unlawful detainer, where the entry was under demise, and therefore not unlawful. Ex parte Edwards, 196 Ala. 638, 72 So. 256; Self v. Comer, 166 Ala. 68, 52 So. 336; Nance v. Walker, 199 Ala. 218, 74 So. 339.

■ This statute, however, was revised by the Code Commission in bringing it forward as section 8024 of the Code of 1923, so as to apply to actions of unlawful detainer as well as to forcible entry and detainer, and unlawful entry and detainer, and under this section, as revised, the court acquired jurisdiction by the removal.

■ If plaintiff's evidence going to show prior possession and demise from plaintiff to defendant, and the termination of defendant's possessory right, was believed, then the question of title was wholly immaterial. Code 1923, § 8026; Moye v. Thurber, 146 Ala. 180, 40 So. 822, 9 Ann. Cas. 1175; Daniels v. Williams, 177 Ala. 140, 58 So. 419; Fearn v. Beirne, 129 Ala. 435, 29 So. 558.

We have examined the other matters argued, and find nothing that would warrant a reversal of the judgment of the lower court.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.