160 So. 239

## JONES v. WHITE.
### 8 Div. 647.

Supreme Court of Alabama.
March 21, 1935.

C. P. Almon, of Florence, for appellant.

Stockton Cooke, Jr., of Sheffield, for appellee.

BOULDIN, Justice.

Appellant sued appellee in unlawful detainer. The cause was removed to the circuit court on petition, under Code, § 8024. There was verdict and judgment for defendant.

To fully and clearly discuss the legal principles involved, the facts of the case, which are without dispute, may be thus summarized: E. L. White and Bamah White, his wife, procured a loan of money from T. R. Jones, secured by mortgage on real estate, described as lot 30 in the plat or map of Tuscumbia. After the death of the husband, Bamah White, the widow, not being able to meet the mortgage debt, directed Mr. Jones to foreclose the mortgage, which he did, becoming the purchaser. Thereupon, Mrs. White rented from Mr. Jones the two-story house, the premises now in suit, and paid rent for some months. It was then ascertained by a survey that this house was not on lot 30, but wholly off the lot on adjoining terrain known as the "Commons."

The tenant thereupon disclaimed any legal obligation to pay rents to the landlord, and this suit followed.

This property, it appears, was in the possession of Mr. and Mrs. White at the time the mortgage was given to Mr. Jones, and the testimony is without dispute that it was pointed out by the mortgagors as part of the property to be mortgaged as security for the loan.

So far as appears, all parties in good faith believed this house was on lot 30 at the time the mortgage was given, and so assumed until after the tenancy arose.

One question presented is the construction and effect of our removal statute, Code, § 8024. This statute was first limited to actions of forcible entry and detainer, but, as amended, includes suits of unlawful detainer. The statute provides for removal to the circuit court on sworn petition which must aver "that the defendant entered on the land sued for, peaceably and under claim of title thereto, and not under claim of any agreement, contract, or understanding with the plaintiff, or those under whom he claims, and that petioner bona fide desires' to contest with plaintiff the title to said land." Section 8024, Code; Ex parte Lockhart, 224 Ala. 517, 140 So. 762.

In the circuit court, after removal, "the plaintiff must recover on the strength of his legal title as in a statutory action in the nature of an action of ejectment, unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract or agreement between plaintiff, or those under whom he claimed * * * in which latter case no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant." Code, § 8026.

To give the removal statute a field of operation in unlawful detainer cases, we look to the state of the law leading to such statute.

The statutory action of unlawful detainer, cognizable before a justice of the peace, is a summary remedy to dispossess hold-over tenants. The only facts essential to recovery are the relation of landlord and tenant, the termination of the tenancy, and refusal to surrender possession on statutory demand in writing.

No question of title can be gone into, because of constitutional limitation of the powers of a justice of the peace.

The basis of the action is estoppel. This estoppel arises from a relation in which the tenant holds and enjoys the possession for, and under rental contract with, the land-

lord. It is immaterial who was in possession when the tenancy began. The tenant may have been himself in prior possession. If he attorn to the landlord, and hold under him, and refuse to surrender on lawful demand after the term has ended, he is guilty of unlawful detainer. Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561; Jordan v. Sumners, 222 Ala. 314, 132 So. 427.

■ But the relation of landlord and tenant must be a valid and lawful one. There are numerous classes of actions in which this same doctrine of estoppel between landlord and tenant is involved.

Thus, in Strauss & Steinhardt v. Harrison, 79 Ala. 324, a man had mortgaged his homestead without the voluntary signature and assent of the wife certified in due form of law. There was foreclosure, and agreement of the mortgagor to pay rent. Held, the mortgage being void, passing no title to the mortgagee, no rental contract with the mortgagee could work an estoppel against the right of himself and family to the use and enjoyment of the homestead. This case turned much on the policy of the law touching the homestead. See, also, Crim v. Nelms, 78 Ala. 604.

In Farris & McCurdy v. Houston, 74 Ala. 162, 167, 168, the law is stated thus: "The rule is well settled, and is not questioned, that a tenant cannot dispute the title of his landlord, nor set up a paramount title in himself, or in a stranger, to defeat any action the landlord may institute for the recovery of rent, or, when the term has expired, to regain possession of the premises. There are various exceptions to, and qualifications of the rule, which are of as much importance as the rule itself, and which must be observed in the administration of justice between landlord and tenant. A plain mistake of facts constitutes one of the exceptions. The tenant may show that he attorned to the landlord, or accepted a lease from him, under mistake, and in ignorance of the true state of the title, and that the title was in himself, or out of the lessor. 2 Greenl. Ev. § 305; 2 Smith's Lead. Cases, 752; Taylor on Land. & Tenant, §§ 707-8. Fraud, or imposition, or undue advantage, the same authorities show, is another exception to the rule: whenever, by the fraud, or misrepresentation of the lessor, the lessee is induced to accept the lease, he may impeach the title of the lessor."

It thus appears cases arise wherein there is no estoppel because there is no lawful relation of landlord and tenant, and this fact arises from the state of the title.

■■ Clearly, if the landlord has prior possession, and the tenant acquires his possession and enjoyment from and under his rental contract, he can raise no question of title on removal under the statute. Farned v. Cleere, 224 Ala. 353, 140 So. 437. But, if the tenant be in possession in his own claim of right, and through fraud or mistake he is induced to enter into a rental contract with one who has no title, nor color of title, no possession, nor right of possession, our statute contemplates a removal of the unlawful detainer suit into a court where such title may be determined.

The same rule would apply if a party without title, prior possession, or right of possession, wrongfully induces another to rent from him the lands of a stranger; both parties being trespassers on the lands of such third person.

The usurping landlord gives no consideration for the tenant's promise.

■ We think the removal statute, in all such cases, contemplates the question of title to be determined as affecting the basic grounds of estoppel between landlord and tenant. In other words, the statute makes no change in the substantive law of estoppel as between landlord and tenant, but provides for a more adequate inquiry into the existence of the lawful relation of landlord and tenant when such relation itself may turn on title.

The vital question is the application of these principles to the case before us.

■ The trial court took the view that if the house in question was not on lot 30, Jones acquired no title, could enter into no lawful rental contract with Mrs. White, who was already in possession, and hence there was no unlawful detainer.

This view is erroneous in entirely overlooking other important, indeed controlling, facts in the case.

This house and grounds had been pointed out as part of the property mortgaged; Jones had bought this property from the mortgagors and paid for it through foreclosure. The rental contract put him in possession, giving a perfect equity as against the mortgagors. If there was a mistake, it was to Jones' hurt in failing to fully describe the property mortgaged. To now set up an outstanding title to defeat Jones' right of possession is not permissible.

Every element of estoppel is present.

Certainly there is no basis of a charge of fraud. To deny Jones his right of posses-

sion under such facts might well be said to work a legal fraud on him.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.