189 So. 72

## HUDSON v. BIRMINGHAM WATER WORKS CO.

### 6 Div. 449.

Supreme Court of Alabama.

May 18, 1939.

Vassar L. Allen, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

GARDNER, Justice.

The Birmingham Water Works Company leased, by written instrument, a small tract of land to one Acton for a barbecue and sandwich stand, which lease, it appears, was transferred to Mrs. Birdie Hudson, who was notified that at its expiration it would not be renewed. The lease having terminated, the water works company in- stituted this action of unlawful detainer against Mrs. Hudson to recover possession of the premises, and from the judgment in its favor defendant has prosecuted this appeal.

The sole question here presented relates to the matter of service of notice of demand as specified in section 8001, Code of 1923. That the demand was correct both in form and substance is not questioned. But it was left at the rented premises, the barbecue stand, being handed to the young man there in charge,—defendant not then being present.

The above noted statute provides that it is sufficient to leave a copy of such demand in writing at the usual place of abode of the party holding over; and defendant makes the point that this language has reference to the dwelling, and not a place of business, citing Webster's Twentieth Century Dictionary, 1936 Edition, defining "abode".

In 1 Corpus Juris 304, "abode" is defined as one's fixed place of residence for the time being; the place where a person dwells. And under the treatment of the subject of "process" in 50 Corpus Juris 492, numerous authorities are cited to the effect that under the language of a statute as to service of notice akin to that of our own, it is not sufficient to leave a copy of such demand at one's place of business. See, also, 4 Words and Phrases, Second Series, p. 1112. And in the absence of any intent to the contrary, the words "usual place of abode" must be given their common ordinary meaning.

So considered, we think it clear enough that leaving a copy of the demand at defendant's place of business does not suffice to meet the requirements of the statute.

Plaintiff in large part relies upon an expression found in the opinion of Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552, to the effect that leaving a copy upon the rented premises was sufficient. But in that case the rented premises constituted the dwelling, the usual place of abode of the defendant, and no question of a place of business was involved. The language of the opinion is of course to be considered in the light of the context and of the question there considered. State ex rel. Wilkinson v. Murphy, Ala.Sup., 186 So. 487.[1] And so considered, the opinion gives

**40**

no indication that it was the intention to construe the words "usual place of abode," found in the statute, as meaning in all cases the rented premises.

 We feel constrained to hold that the notice given does not comply with the statute, and that error was committed by the trial court in giving for plaintiff the general affirmative charge, and in refusing a like charge requested by defendant.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

