199 So. 241

### HUDSON v. BIRMINGHAM WATER WORKS CO.

### 6 Div. 660.

Supreme Court of Alabama.

Dec. 19, 1940.·

W. G. Black, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

GARDNER, Chief Justice.

This is an unlawful detainer suit brought by the Birmingham Water Works Company against Birdie Hudson for recovery of possession of a small tract of land, formerly leased to one Acton for a barbecue and sandwich stand, the subject of former litigation between these parties. Hudson v. Birmingham Water Works Co., 238 Ala. 38, 189 So. 72.

The appeal presents only one question, the propriety of the action of the trial court in giving for plaintiff the general affirmative charge and refusing like charge. requested by defendant. There were no conflicts in the proof.

Undisputedly plaintiff had leased these premises in 1936 and 1937 to Acton, and though no witness stated in so many words to that effect, yet the proof offered establishes clearly the fact that Acton went into possession of the property under these leases and that defendant acquired her right and possession from Acton.

As stated by her: "This was the piece of property that I took over from Mr. Acton in September, 1937, and have held possession through the balance of 1937, 1938, 1939, and am still in possession".

The transfer on the back of the lease of 1936 from Acton to defendant was clearly meant to be on the lease of 1937. But, however, that may be defendant admits getting her possession from Acton, plaintiff's lessee in possession, and holding her possession only by virtue of her transfer and purchase from Acton.

The expiration period of the lease to Acton has long since expired and defendant refuses to surrender possession though proper demand has been made upon her. Defendant's counsel argue for error upon the assumption plaintiff failed to show prior actual possession of the property which would support the action of unlawful detainer. But under all the authorities the possession of Acton, plaintiff's lessee, sufficed for this purpose. "So long as the tenant holds under his lease, his actual possession is the actual possession of the landlord; and proof of this actual possession, through and by his tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration". Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561, 562. To like effect are Kellum v. Balkum, 93 Ala. 317, 9 So. 463; Giddens v. Bolling, 92 Ala, 586, 9 So. 274; Jones v. White, 230 Ala. 144, 160 So. 239.

The provision in Acton's lease that it was not assignable is of no consequence here. It was inserted for the benefit of the

342

lessor and could be waived. And in any event the lease, as previously observed, had expired.

That the action was maintainable against defendant, a sub-lessee under Acton, is clear enough and not seriously here questioned. Giddens v. Bolling, supra; Edwards v. Louisville & N. R. R. Co., 202 Ala. 463, 80 So. 847.

We have treated the matters argued by counsel and find no error to reverse. Let the judgment stand affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.